# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4551-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.T.,

     Defendant-Appellant.

_____

     Submitted March 12, 2019 – Decided April 16, 2019

     Before Judges Yannotti and Gilson.

     On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 04-10-3959.

     Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

     Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, R.T., appeals from a January 19, 2018 order entered by the Law Division denying his petition for post-conviction relief (PCR).[1] We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(1) and otherwise lacked merit.

In 2004, then-ten-year-old L.T. disclosed that defendant had been sexually abusing him over the preceding six years. L.T. was defendant's nephew and for several years had been in defendant's custody. In 2006, a jury convicted defendant of two counts of first-degree sexual assault, N.J.S.A. 2C:14-2(a)(1); two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Defendant was sentenced to an aggregate prison term of twenty-five years, subject to periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal. In 2009, we reversed his convictions and ordered a new trial because the trial court had charged the jury with involuntary intoxication over defendant's objection. State v. R.T., 411 N.J. Super. 35, 49-50, 53 (App. Div. 2009). One judge of the three-judge panel dissented and

[1] Because defendant was charged with and ultimately convicted of sexually abusing a minor, we use initials for defendant and the victim.

would have found no reversible error in the trial court's instruction concerning involuntary intoxication. Id. at 68. The State appealed, and with the members of the Supreme Court being equally divided, the judgment of the Appellate Division was affirmed. State v. R.T., 205 N.J. 493, 493 (2011). Three members of the Supreme Court found the error of giving an instruction on a voluntary intoxication harmful, one member found it to be harmless, and two members found no error. Ibid.

Following the reversal and remand, defendant pled guilty to an amended charge of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). On September 16, 2011, in accordance with his plea agreement, defendant was sentenced to nine years in prison, subject to NERA. Just over two months later, on November 14, 2011, an amended judgment of conviction was issued, which reduced the number of jail credits awarded to defendant.

On April 20, 2017, defendant filed a pro se PCR petition alleging ineffective assistance of his plea counsel. Defendant was assigned counsel in connection with his PCR petition, and counsel filed supplemental papers.

On January 19, 2018, the PCR court heard oral argument and denied the petition. The PCR court found that the petition was barred by Rule 3:22-12(a)(1) because it was filed more than five years after the entry of the 2011 judgment of

conviction and defendant had not shown excusable neglect for failing to file a timely petition. The PCR judge also addressed the merits of the petition, and found that defendant had not presented a prima facie case of ineffective assistance of counsel. Accordingly, the judge determined that defendant was not entitled to an evidentiary hearing. The court memorialized its ruling in an order dated January 19, 2018.

On this appeal, defendant makes two arguments, which he articulates as follows:

> POINT I – THE PCR COURT ERRED IN RULING THAT [R.T.'S] PETITION FOR POST-CONVICTION RELIEF WAS TIME-BARRED.
>
> POINT II – THE PCR COURT ERRED IN DENYING [R.T.'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING ON HIS CLAIM THAT PLEA COUNSEL FAILED TO ADEQUATELY ADVISE [R.T.] OF THE TERMS OF HIS PLEA AGREEMENT.

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time

4

passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have held that when a first PCR petition is filed more than five years after the date of entry of the judgment of conviction, the PCR court should examine the timeliness of the petition and defendant must submit competent evidence to satisfy the standards for relaxing the rule's time restriction. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

Here, defendant was sentenced on September 16, 2011. His petition for PCR, however, was filed on April 20, 2017, seven months beyond the five-year time limit. Defendant argues that there was excusable neglect for the late filing because he had developed mental health issues in prison, he had trouble upon

his release from prison, and he had limited access to legal research because of restrictions imposed on his access to computers.

Defendant, however, offered nothing but bare assertions to support his claims of excusable neglect. He did not provide any documentation regarding occurrences while in prison or that he was suffering from any mental illness.

Defendant also contends that a fundamental injustice would occur because his original jury conviction had been based on some evidence that might not be admitted at a new trial. That contention ignores that defendant gave a knowing, voluntary, and intelligent plea after his jury conviction was reversed. Moreover, it would be speculative to try to determine what evidence may or may not have been admissible at a second trial, since it is not entirely clear when that trial would have occurred. In that regard, it would also involve speculation to try to determine what developments in the law may or may not have been applicable at a second trial.

Defendant relies on State v. J.L.G., 234 N.J. 265 (2018) to argue that evidence regarding child sexual abuse accommodation syndrome might not have been admitted at a second trial. The Supreme Court affirmed the reversal of defendant's convictions from his first trial in 2011, and defendant pled guilty in September 2011. Thus, had defendant not pled guilty, he probably would have

had a second trial in 2011 or 2012. In short, defendant failed to establish that a fundamental injustice would occur if the time bar was not relaxed.

Furthermore, there was no showing that required an evidentiary hearing on defendant's PCR petition. A defendant is entitled to an evidentiary hearing on a PCR petition if he or she establishes a prima facie showing in support of the petition. R. 3:22-10(b). To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test). To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, a defendant must make those showings by presenting more than "bald assertions" that he or she was denied the effective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In his pro se petition for PCR, defendant claimed his plea counsel was ineffective, but defendant did not identify how or why plea counsel was ineffective. Defendant also alleged that the trial judge was "prejudiced" against him and that he was innocent. Defendant cited no evidence and asserted no facts to support any of those contentions.

Defendant's PCR counsel argued that his plea counsel was ineffective because she incorrectly advised defendant that the evidence at a second trial would be the same as at the first trial and he would again be convicted. PCR counsel then contends that there were arguments defendant could have made to exclude certain evidence that had been admitted at the first trial. In that regard, defendant asserts that at the second trial, the court may have prohibited the State from admitting fresh-complaint evidence, the defense may have been able to seek documents concerning records maintained by the Division of Child Protection and Permanency, and there may have been an argument to exclude the testimony concerning child sexual abuse accommodation syndrome.

As already pointed out, all of defendant's arguments concerning the ineffective assistance of plea counsel rely on speculation as to what might have happened at a second trial. The material fact is that a review of the proceeding

where defendant pled guilty establishes that he gave a knowing, voluntary, and intelligent guilty plea and that he admitted the facts supporting his crime.

Defendant also argues that plea counsel was ineffective for failing to advise him of the requirements of Megan's Law and community supervision for life. The record rebuts that argument. When he pled guilty, defendant acknowledged his understanding of the requirements of Megan's Law and community supervision for life. Defendant also executed the requisite plea forms, which memorialized the requirements of Megan's Law and community supervision for life.

Finally, defendant has failed to show that he was prejudiced by plea counsel's performance. The evidence against defendant was substantial and, by pleading guilty, defendant avoided going to trial on four first-degree offenses, which could have subjected him to a sentence well in excess of the nine years he received under his plea agreement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4551-17T4