**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4059-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDRE CUTLER,

    Defendant-Appellant.

_____

Submitted October 21, 2019 – Decided November 1, 2019

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 00-04-0768.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andre Cutler appeals the trial court's March 27, 2018 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

After a 2002 jury trial, defendant was convicted of second-degree aggravated assault, third-degree aggravated assault on a corrections officer, first-degree carjacking, second-degree escape, second-degree robbery, and third-degree burglary. The trial court sentenced defendant to an aggregate sentence of fifty years with a fifteen-year parole disqualifier, consecutive to a sixty-year sentence he had already received on a previous conviction.

The State's proofs at trial showed that defendant and two other inmates at the Bergen County Jail attempted to escape, and in the process pummeled a corrections officer. Defendant scaled the fence and ran to a nearby store parking lot, where he attacked a woman who was in her vehicle waiting for friends to come out of the store. The police apprehended him before he was able to drive away.

This court affirmed defendant's conviction on direct appeal in July 2004. State v. Cutler, No. A-1663-02 (App. Div. July 1, 2004). The Supreme Court denied certification on October 13, 2004. 217 N.J. 304 (2014).

2

Defendant took no further action concerning his conviction for over twelve years until he filed a pro se PCR petition on March 1, 2017. In his supporting certification, he alleged ineffective assistance of counsel in various respects. He contended he had excusable neglect for failing to file a PCR petition within the five-year time prescribed by the Rules of Court because he allegedly "only recently learned about post-conviction relief. If I had been advised by my lawyer or the court I would have filed within the allotted time."

The PCR judge concluded defendant's petition was procedurally time-barred. Choosing nonetheless to reach the merits, the judge also concluded the petition lacked merit, and that no evidentiary hearing was warranted.

In his brief on appeal, defendant presents the following points for our consideration:

> POINT ONE
>
> THE PCR COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING ON THE CLAIMS THAT HIS TRIAL ATTORNEY PROVIDED HIM WITH INEFFECTIVE ASSISTANCE.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY

HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. THE FIVE YEAR TIME BAR SHOULD HAVE BEEN RELAXED.

C. FAILURE TO COMMUNICATE, INVESTIGATE AND CALL WITNESSES.

D. COUNSEL'S PERFORMANCE AT SENTENCING.

Although defendant listed eight arguments in his petition initially, he presents a more narrow list of substantive issues on appeal. In particular, he contends, among other things, his trial attorney was ineffective by: not properly communicating with him about trial preparation; failing to vigorously cross-examine the car driver; and failing to subpoena Bergen County jail inmates who allegedly would have refuted the testimony of the State's witnesses that the jail yard was well lit on the night of the attempted escape.

We need not comment in detail about defendant's substantive arguments because we agree with the PCR judge that defendant's petition concerning his 2004 conviction and sentence is time-barred under Rule 3:22-12. The petition was filed more than a decade after defendant had exhausted his direct appeal rights through the Supreme Court's denial of relief in October 2004. As case law instructs, the five-year time bar for a first PCR petition, measured from the date of conviction, is an important procedural requirement. The time bar only

4

should be relaxed in "exceptional" situations that are specified in the Rule. See, e.g., State v. Mitchell, 126 N.J. 565, 576-77 (1992) (declaring time-barred a PCR petition filed six-and-a-half years after a defendant's conviction); State v. Jackson, 454 N.J. Super. 284 (App. Div. 2018) (enforcing the time bar against a defendant whose petition was filed fourteen years after his conviction). We concur with the trial court that none of those limited exceptions apply here.

In particular, defendant contends under Rule 3:22-12(a)(1)(A) that his long delay in filing a PCR petition was, as the provision calls for, "due to . . . excusable neglect and . . . there is a reasonable probability that if [his] factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."

Like the trial court, we discern no excusable neglect here to justify defendant's prolonged inaction. His generic and vague assertion that he had "only recently been advised" by an unnamed source at an unspecified time about the availability of PCR falls short of warranting relaxation. A defendant must submit "sufficient competent evidence" to establish excusable neglect to relax the time bar. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). A defendant's lack of sophistication in the law does not establish excusable

5

neglect, especially given the long delay in this case. State v. Murray, 162 N.J. 240, 246 (2000).

We also have considered the substance of defendant's claims – to whatever extent they were not raised or could have been raised on direct appeal – and perceive no "fundamental injustice" that requires relief. Although the PCR court did not explicitly discuss in its written decision defendant's discrete claim that his trial counsel was ineffective at sentencing, we are satisfied that claim particularly lacks merit, given the egregious and violent nature of defendant's conduct that was proven to a jury.

Lastly, the PCR court did not err in declining an evidentiary hearing, as none was required here. State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4059-17T1