NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0777-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN BROWN,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **July 23, 2018**
>
> **APPELLATE DIVISION**

Argued November 1, 2017 — Decided July 23, 2018

Before Judges Fuentes, Manahan and Suter.[1]

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 08-12-2199.

Eric M. Mark argued the cause for appellant.

Michael R. Philips, Assistant Prosecutor, argued the cause for respondent (Gurbir S. Grewal, Bergen County Prosecutor, attorney; Michael R. Philips, of counsel and on the brief; Nicole Paton, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

---

[1] Judge Suter did not participate at oral argument.  She was added to this case with the consent of the parties.

Defendant Kevin Brown appeals from the order of the Criminal Part denying his petition seeking post-conviction relief (PCR). We affirm.

On December 19, 2008, a Bergen County Grand Jury returned an indictment against defendant charging him with third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:35-5(b)(11); fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Defendant was represented at all proceedings related to this case by a staff attorney from the Bergen County Office of the Public Defender.

On July 7, 2010, defendant entered into a negotiated agreement with the State through which he pled guilty to the first count in the indictment charging him with third-degree possession of marijuana with intent to distribute.[2] As described by the prosecutor, in exchange for defendant's guilty plea, the State agreed to dismiss the remaining counts in the indictment and recommend that the court sentence defendant to a term of

---

[2] In response to his attorney's questions in the course of providing a factual basis in support of his guilty plea, defendant stated under oath that he had in his possession "approximately . . . five pounds" of marijuana at the time of his arrest.

probation conditioned upon serving 364 days in the Bergen County jail.[3]

After placing defendant under oath, the judge asked him the following questions with respect to his immigration status and apprised him of the potential legal consequences of his decision to plead guilty:

> THE COURT: All right. Now, are you a United States citizen?
>
> DEFENDANT: No.[4]
>
> THE COURT: Do you understand [that] if you're not a United States citizen or national you may be deported by virtue of your plea of guilty?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if you plead guilty to a crime of a certain aggravated felony under federal law you will be subject . . . to deportation or removal?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand you have the right to seek legal advice on your immigration status prior to entering a plea of guilty?

---

[3] Defendant's plea counsel testified at the PCR evidentiary hearing that the State's offer during the motion to suppress was seven years in State prison.

[4] The appellate record also includes a copy of the standard Plea Form defendant completed and signed with the assistance of his attorney. Question 17a in the Plea Form asked defendant: "Are you a citizen of the United States?" Defendant circled "No."

DEFENDANT: Yes, sir.

THE COURT: All right. And you have sought advice on the immigration aspect of it?

DEFENDANT: No.

THE COURT: Are you prepared to proceed today?

DEFENDANT: No — yes, yes, your Honor. Yes.

THE COURT: So you're not seeking any additional time to seek any advice as to the immigration[?]

DEFENDANT: No, your Honor.

THE COURT: And, again, you fully understand that you're pleading guilty to possession with intent to distribute a controlled dangerous substance. If that's a certain aggravated felony, then you would be subject to deportation. Do you understand that?

DEFENDANT: Yes, sir, I do.

The court sentenced defendant on September 17, 2010. The judge found aggravating factors three, the risk that defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3), six, the extent of defendant's prior criminal record and the seriousness of the offenses,[5] N.J.S.A. 2C:44-1(a)(6), and nine, the need for deterring defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The judge concluded that "[t]he aggravating

---

[5] The judge noted that defendant's prior record included eight disorderly persons offenses, possession of marijuana, and one indictable conviction for unlawful possession of a handgun.

factors clearly and convincingly outweigh the mitigating factors."[6] Despite reaching this conclusion, the judge sentenced defendant to a three-year term of probation subject to the payment of the statutory costs and penalties. Although the plea agreement permitted the court to sentence defendant to serve up to 364 days in the Bergen County jail as a condition of probation, the judge opted not to impose any jail time.

Defendant did not file a direct appeal to this court challenging any aspect of his plea hearing or the sentence imposed by the court. On March 22, 2016,[7] defendant, represented by private counsel, filed this PCR petition alleging ineffective assistance of trial counsel. Defendant averred that his trial attorney

> did not advise [him] that a plea to an aggravated felony would result in virtually certain deportation and that [his] only chance at relief would be to show it is more likely than not [he] would be tortured if returned to [his] home country. In regards to [his] immigration situation, [defendant's attorney] told [him] only "as long as you

---

[6] Although the judge did not make a specific finding with respect to mitigating factors, the Judgment of Conviction dated September 20, 2010 shows the judge did not find any mitigating factors.

[7] The copy of the PCR petition submitted by defendant as part of the appellate record shows defendant signed the petition on March 11, 2016. However, defendant does not dispute the Criminal Part received the PCR petition on March 22, 2016.

A-0777-16T3

don't do a year and a day in jail, you're
fine."

Defendant also included as part of the appellate record a copy of a formal decision and an order issued by United States Immigration Judge Daniel A. Morris on September 20, 2016. In this decision, Judge Morris states, in relevant part, that defendant

> is a native and citizen of . . . Jamaica who was admitted to the United States at New York, New York on April 16, 1988 as a lawful permanent resident . . . On October 9, 2015, the Department of Homeland Security (DHS) personally served [defendant] with a Notice to Appear (NTA) charging that he is removable under INA[8] §237(a)(2)(A)(iii) and INA §237(a)(2)(B)(i).

The judge assigned to hear defendant's PCR petition was the same judge who presided over the plea and sentencing hearings. On July 11, 2016, the judge convened the attorneys in the case to determine whether an evidentiary hearing was warranted. The PCR judge noted for the record that the staff attorney from the Bergen County Office of the Public Defender, who represented defendant during the plea negotiations and at the July 7, 2010 plea hearing, was present with the original files. Despite his repeated statements that he had not decided whether an evidentiary hearing was necessary, the judge allowed both the

---

[8] INA stands for "Immigration and Naturalization Act."

A-0777-16T3

prosecutor and PCR counsel to question under oath defendant's original counsel, a woman who was not married to defendant, but was described by PCR counsel as defendant's "life partner[] for 27 years," and finally, defendant himself.

These three individuals were thoroughly questioned by the prosecutor, PCR counsel, and the PCR judge about every detail concerning the discussions that led to defendant's guilty plea on July 7, 2010. In short, notwithstanding the PCR judge's disclaimer concerning the nature of these proceedings, defendant was afforded an evidentiary hearing within the meaning of Rule 3:22-10. At the conclusion of the evidentiary hearing, PCR counsel argued that plea counsel erroneously advised defendant there would not be any negative immigration consequences as long as the sentence imposed by the court was less than "a year and a day." The prosecutor argued that at the time of the plea hearing, defendant's only concern was to minimize his penal exposure. According to the prosecutor, "this immigration issue has only become an issue once [defendant] was arrested by immigration authorities." The PCR judge reserved decision.

In a letter-opinion dated August 25, 2016, the PCR judge reviewed the procedural history of the case, and articulated the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently

adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987), as supplemented by Padilla v. Kentucky, 559 U.S. 356, 366 (2010) and State v. Nunez-Valdez, 200 N.J. 129, 139 (2009), and concluded defendant had not met his burden of proving "plea counsel" was ineffective. The PCR judge gave the following explanation for his ruling:

> There is no evidence that trial counsel gave defendant inaccurate or misleading advice other than bald assertions from the defendant himself. Even more importantly, the defendant was put on notice of the possible immigration consequences through both the plea forms and the Judge in the case. Therefore, this [c]ourt finds that the defendant is unable to establish a sufficient claim of ineffective assistance of counsel.

Against this record, defendant appealed raising the following arguments:

I. INEFFECTIVE ASSISTANCE OF COUNSEL

A. Standard of Review.

B. [Defendant's trial counsel] Gave Mr. Brown Patently Incorrect Advice.

1. Question 1: What was the Advice?

2. Question 2: Was the Advice Wrong?

C. Mr. Brown was Prejudiced by his Attorney's Incorrect Advice.

8

This matter came before this court for oral argument on November 1, 2017. In the course of argument, we noted that defendant's PCR petition was filed on March 22, 2016, more than five years from September 20, 2010, the date the trial court signed the Judgment of Conviction. Defendant did not directly raise nor address the standard for relaxing Rule 3:22-12(a)'s five-year procedural bar before the PCR judge. We asked counsel how the Criminal Part could decide this PCR without first addressing the procedural hurdle presented in Rule 3:22-12(a)(1), which states, in relevant part:

> First Petition For Post-Conviction Relief. Except as provided in paragraphs (a)(2), (a)(3), and (a)(4) of this rule, <u>no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged</u> unless:
>
> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]
>
> [(Emphasis added).]

In order to allow both appellate counsel and the prosecutor sufficient time to more thoroughly address this potentially dispositive procedural issue, we entered a sua sponte order on November 13, 2017, that directed the attorneys to submit

A-0777-16T3

supplemental briefs, not to exceed twenty-five pages, addressing the following issues: (1) Is the procedural bar in <u>Rule</u> 3:22-12(a)(1)(A) subject to waiver if the State fails to raise it before the PCR court?; and (2) If the rule's preclusive effect is not subject to waiver, should the remedy on appeal be to either (a) remand the matter to the PCR court to permit defendant an opportunity to establish excusable neglect and a reasonable probability that if his factual assertions are true, enforcement of the time bar would result in a fundamental injustice; <u>OR</u> (b) review the record developed before the PCR court as is and decide the matter on appeal as a matter of law.

Both parties submitted their supplemental briefs as directed. We first address the issue of waiver. Defendant argues he raised the five-year procedural bar when he noted in his verified petition:

> I had no reason to suspect this crime would guarantee my deportation because I have been convicted of other drug offenses and never had immigration consequences. The only way I would have known was with proper advice. Of all my convictions, this is the only aggravated felony.
>
> It is a fundamental injustice for a non-citizen to be convicted of a crime guaranteeing deportation and exile from a long life with my family when it was possible to prevent such exile by negotiating a plea to a non-aggravated felony or completing the motion to suppress

and taking the case to trial if an immigration-safe plea was not possible.

The State's supplemental brief relies on this court's decision in State v. Cann, 342 N.J. Super. 93, 101-02 (App. Div. 2001), in which we held: "A petition is time-barred if it does not claim excusable neglect, or allege the facts relied on to support that claim." The State emphasizes that defendant did not present "any facts regarding any timeline beyond the date of his guilty plea." With respect to this court's query as to whether we should remand the matter to allow defendant to develop the appropriate record, the State argues that defendant is not entitled to a "second bite of the apple because facts establishing excusable neglect must be alleged in the first place."

The parties' supplemental submissions were not entirely responsive to this court's concerns. Defendant did not directly raise nor address the standard for relaxing Rule 3:22-12(a)'s five-year procedural bar before the PCR judge. Viewed in the light most favorable to defendant, the statements in his PCR petition obliquely provide an explanation for his failure to seek PCR before his detention by immigration authorities. This does not address defendant's failure to heed the trial judge's suggestion to consult with an immigration attorney before deciding to plead guilty to a third-degree offense in which he

11

admitted to possessing approximately five pounds of marijuana with the intent to distribute. As the Court noted in <u>Padilla</u>:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward . . ., <u>a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences</u>. But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear.
>
> [<u>Padilla</u>, 559 U.S. at 369 (emphasis added).]

As a staff attorney in the Public Defender's office, trial counsel's responsibility to defendant was to provide a competent defense to the criminal charges filed against him and to apprise him of the potential collateral consequences a conviction may have on his immigration status. <u>Ibid.</u> At the evidentiary hearing, defendant testified that his trial attorney told him that his conviction would not have adverse consequences on his immigration status provided any custodial sentence imposed by the court was less than a year and one day. The PCR judge

rejected defendant's testimony as not credible. The PCR judge provided the following explanation in support of his finding:

> After evaluating the sufficiency of the claim of [erroneous advice] the defendant alleges to have received from trial counsel, it is clear from the record and the plea forms, that defendant knew the crime he was pleading to may constitute an aggravated felony and as such, subjected him to deportation. Further, defendant knew he had the right to seek advice from an outside immigration counsel and would be afforded time from the court if he so desired as can be seen in both the record and the standard plea form. The defendant in his own words told the court that "I wish for a chance at life without going to jail." Also, at sentencing defendant acknowledged, on the record, he may be deported, and once again declined the opportunity to speak to immigration counsel. It is clear that defendant was on notice of the fact that deportation was a possible consequence of his plea.

As an appellate court, we are bound to uphold a trial judge's factual findings "which are substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have a feel of the case, which a reviewing court cannot enjoy." Nunez-Valdez, 200 N.J. at 141 (quoting State v. Elders, 192 N.J. 224, 244 (2007)).

Our Supreme Court has reaffirmed and "emphasized the important policy" underpinning the requirement that PCR petitions be timely filed:

> There are good reasons for [Rule 3:22-12]. As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable. . . . Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.
>
> [State v. McQuaid, 147 N.J. 464, 485 (1997) (quoting State v. Mitchell, 126 N.J. 565, 575-76 (1992)).]

Mindful of these policy considerations, when a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, we hold that a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.

14                                                          A-0777-16T3

Here, the PCR judge found defendant was aware of the immigration consequences of his conviction at the time he decided to plead guilty. Stated differently, defendant did not show "excusable neglect" to justify filing a facially untimely PCR petition. Despite this finding, the judge reviewed defendant's claims of ineffective assistance of trial counsel and found them to be without merit. The record supports the PCR judge's ruling. The record of the plea hearing shows the trial judge gave defendant clearly worded warnings of the potential immigration consequences of his conviction. The judge also gave defendant the opportunity to consult with an attorney who specializes in immigration law. Defendant failed to take advantage of this opportunity and made a knowing, voluntary, and intelligent decision to proceed.

A defendant cannot decide to remain intentionally ignorant of the legal consequences of his decision as a means of establishing excusable neglect. We thus affirm the PCR judge's decision to deny defendant's petition, but for reasons other than those expressed by the judge. See State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). Specifically, we hold that defendant is barred from seeking PCR because his first petition was filed "more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is

being challenged," and because he failed to allege facts showing that the delay was due to excusable neglect and "that there is a reasonable probability that if [his] factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice."  R. 3:22-12(a)(1)(A).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0777-16T3