**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4460-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PETER PAPASAVVAS,

    Defendant-Appellant.

_____

> Submitted October 3, 2019 – Decided October 16, 2019
>
> Before Judges Alvarez and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 96-06-0823.
>
> Peter Papasavvas, appellant pro se.
>
> Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (David Michael Liston, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Peter Papasavvas appeals from the May 4, 2018 order of the Law Division denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

At about 10:00 p.m. on April 25, 1996, a sixty-four-year-old woman returned home to find defendant, clad only in a pair of boxer shorts, hiding in her basement. Defendant was attempting to escape apprehension by police officers investigating an unrelated matter. To prevent the woman from screaming, defendant tied a knotted belt or ligature around her face and neck, distorting her mouth and interfering with her breathing. After a struggle, defendant threw the woman down the basement stairs, breaking her neck. Defendant admitted he put his hands around the victim's neck, but claimed he intended only to render her unconscious with a "sleeper hold" and she accidentally fell down the stairs after losing consciousness. Defendant sexually assaulted the victim while she was motionless on the basement floor, purportedly to determine if she was feigning unconsciousness. Before doing so, he used a pair of scissors to cut the victim's clothing in very straight lines to expose her private parts.

A-4460-17T2

After killing the victim, defendant left a trail of incriminating evidence. He called his home from the victim's telephone. The call was recorded on her telephone bill. Defendant stole the victim's car and went to New York City, where he used the victim's credit cards to entertain a girlfriend. It is undisputed defendant left the victim's home shortly after 11:00 p.m. on April 25, 1996. At 12:07 a.m. on April 26, 1996, defendant made a phone call using the victim's calling card from near the Holland Tunnel.

At trial, defendant's counsel did not deny defendant caused the victim's death, but sought to prove he lacked the mental state required to commit murder. Defendant presented an expert who opined that because of a brain injury suffered in a motorcycle accident, defendant did not act in a purposeful and knowing manner when causing the victim's death. His counsel argued defendant placed the belt around the victim's mouth to silence her, not to kill her, and the fall down the basement stairs was accidental. The medical examiner testified the cause of death was assault "compounded by strangulation both manual and ligature."

A jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree burglary, N.J.S.A. 2C:18-2; second-degree robbery, N.J.S.A. 2C:15-1, third-

A-4460-17T2

degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3, third-degree theft, N.J.S.A. 2C:20-3, and fourth-degree unlawful theft or receipt of a credit card, N.J.S.A. 2C:21-6(c). Defendant was sentenced to death on the murder conviction and received a term of incarceration on the noncapital counts.

In 2000, the Supreme Court affirmed defendant's conviction and death sentence. State v. Papasavvas, 163 N.J. 565 (2000). The Court, however, remanded for resentencing on the noncapital counts. Defendant was resentenced on the noncapital counts and, following a second appeal, was resentenced on those counts a second time. At the second resentencing, the court: (1) merged the felony murder conviction into the murder conviction; (2) imposed an extended twenty-year sentence with a ten-year period of parole ineligibility on the burglary conviction to run consecutive to the sentence on the murder conviction; (3) merged the theft and credit card convictions into the robbery conviction, on which the court imposed a concurrent ten-year sentence with a five-year period of parole ineligibility; and (4) imposed a concurrent five-year sentence with a two-and-a-half-year period of parole ineligibility on the criminal sexual contact conviction.

In 2002, the Supreme Court vacated defendant's death sentence on proportionality review. State v. Papasavvas, 170 N.J. 462, 495-96 (2002).

Defendant was resentenced to life imprisonment with a thirty-year period of parole ineligibility on the murder conviction to run consecutively with the extended twenty-year sentence with a ten-year period of parole ineligibility on the burglary conviction. The concurrent sentences for robbery and criminal sexual contact were unchanged.

In 2004, defendant's first PCR petition was denied without an evidentiary hearing. We affirmed. State v. Papasavvas, No. A-6302-03 (App. Div. Mar. 21, 2006). The Supreme Court denied defendant's petition for certification. State v. Papasavvas, 186 N.J. 608 (2006).

In 2013, defendant filed a second PCR petition. He withdrew the second petition in 2014 and filed a motion for post-conviction DNA testing pursuant to N.J.S.A. 2A:84A-32a. He sought to test the belt placed around the victim's mouth and neck, which he denied having placed there. He argued the DNA test would prove the ligature was put on the victim either by police to make the murder scene more gruesome or by a perpetrator who killed the victim after defendant left her house. The motion was denied. We affirmed. State v. Papasavvas, No. A-5146-13 (App. Div. Oct. 27, 2016). The Supreme Court denied defendant's petition for certification. State v. Papasavvas, 230 N.J. 408 (2017).

In 2017, defendant filed the PCR petition presently before the court. Defendant argues he was denied effective assistance of trial, appellate, and PCR counsel when each failed to acquire the victim's death certificate, which he argues creates reasonable doubt about his responsibility for the murder. In support of his argument, defendant relies on an uncertified copy of the death certificate, which indicates it should not be used for legal purposes, and lists the date of the victim's death as April 26, 1996. Defendant notes the medical examiner testified at trial he arrived at the victim's home at approximately 7:05 p.m. on April 26, 1996, declared the victim dead, and estimated her time of death as approximately twelve hours earlier, 7:05 a.m. on April 26, 1996. It is undisputed defendant was in New York City by 7:05 a.m. on April 26, 1996.

Defendant argues it is common knowledge death by strangulation occurs immediately and, therefore, the death certificate, if it had been presented at trial, would have raised reasonable doubt in the minds of the jurors with respect to whether defendant killed the victim. Defendant notes he consistently denied tying a belt around the victim's mouth and neck. He points out a police report states residents a few miles from the crime scene reported to police on the morning of April 26, 1996, after defendant left the victim's home, and prior to the discovery of her body, a man was going door to door saying he was looking

6

for a serial killer. Police dropped their investigation of this person, who they identified as having a criminal record.

Finally, defendant argues his second petition is not time barred because under Rule 3:22-12(a)(2)(B), the factual predicate for the petition could not have been discovered in a timely fashion through reasonable diligence before the filing deadline for his direct appeal, first petition, or second petition because defendant suffers from a mental defect and should not be held to the same standard as an average defendant. Defendant sought appointed counsel to represent him on the second petition. The State argues the petition is time barred under Rule 3:22-4(b) and Rule 3:22-12(a)(2).[1]

On May 4, 2018, Judge Diane Pincus issued a comprehensive written opinion dismissing defendant's second PCR petition and denying his request for the appointment of counsel. Judge Pincus concluded the petition, to the extent it alleges ineffective assistance by trial and appellate counsel, was untimely because the claims in the petition could have been raised in defendant's direct appeal or first petition. See Rule 3:22-4(a). The court rejected defendant's argument the second petition was timely under Rule 3:22-4(a), concluding he

___

[1] The parties agree the petition should be considered defendant's second PCR petition because he withdrew his 2013 petition.

A-4460-17T2

offered no evidence to support his claim he was unable to uncover the victim's death certificate prior to filing his direct appeal or first PCR petition. In addition, the court noted even if defendant could establish a mental incapacity, he was represented by competent counsel at trial and for his first PCR petition.

The court also concluded to the extent defendant's second petition alleges ineffective assistance of counsel for his first PCR petition, his second PCR petition was untimely under Rule 3:22-4(b) and Rule 3:22-12(a)(2). Those provisions require a second PCR petition alleging ineffective assistance of counsel in a first PCR petition be filed no later than one year after the denial of the first petition. Here, defendant's first PCR petition was denied on May 21, 2004, a decision we affirmed in March 2006. His second PCR petition was filed on June 13, 2017, more than eleven years later. In addition, the court concluded defendant did not establish entitlement to an extension of the filing deadline under Rule 3:22-12(a)(2)(B) because of an inability to uncover the death certificate in a timely fashion.

Finally, Judge Pincus concluded defendant did not make a prima facie showing of ineffective assistance of trial, appellate, or PCR counsel warranting an evidentiary hearing. The court found that, at trial, defendant's expert testified manual strangulation and the fall down the basement stairs killed the victim.

8

This is consistent with defendant's admission that during a burglary he put his hands around the victim's neck to put her in a "sleeper hold" and accidentally allowed her to fall down the basement stairs once she was unconscious. The court concluded regardless of the victim's time of death, defendant's admitted violent acts against the victim made him criminally liable for her death. Thus, the court found trial counsel's decision not to pursue an alibi defense based on the time of death was not outside the range of professionally competent assistance. The judge described defendant's arguments as "wholly frivolous."

This appeal followed. Defendant makes the following argument for our consideration:

> THE PCR COURT ERRED IN DENYING DEFENDANT'S SECOND PETITION FOR POST-CONVICTION RELIEF (PCR) WITHOUT A HEARING, AS HE ALLEGED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL PURSUANT TO R. 3:22-[4](b)(2)(C).

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey. . . ."

A-4460-17T2

"A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459. "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show counsel's "deficient performance prejudiced the defense." Id. at 687. A defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

In addition, "[o]ur Supreme Court has reaffirmed and 'emphasized the important policy' underpinning the requirement that PCR petitions be timely filed . . . ." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018) (quoting State v. McQuaid, 147 N.J. 464, 485 (1997)). As we explained,

> we hold that a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [Ibid.]

Having carefully reviewed the record in light of the applicable legal principles, we conclude defendant's arguments are without sufficient merit to

11

warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm the May 4, 2018 order of the Law Division for the reasons stated by Judge Pincus in her thorough and well-reasoned written opinion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4460-17T2