# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0757-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARC S. GOODSON, a/k/a
TALIB A. GOODSON,

     Defendant-Appellant.

_____

Submitted February 12, 2020 – Decided March 2, 2020

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 02-07-0309.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard E. Drucks, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marc S. Goodson appeals from an August 29, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was indicted on two counts of first-degree aggravated sexual assault for an act of sexual penetration against a victim at least thirteen years old but less than sixteen years old, N.J.S.A. 2C:14-2(c), and two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). He pleaded guilty to one count of second-degree sexual assault as a lesser included offense of first-degree aggravated sexual assault, third-degree witness tampering, N.J.S.A. 2C:29-3(b)(3), and the petty disorderly persons offense of harassment downgraded from terroristic threats. On June 22, 2004, defendant was sentenced to an aggregate eight-year prison term, concurrent to the sentence he was already serving at the time, as well as Megan's Law and parole supervision for life. The State dismissed the remaining indictments.

Defendant appealed the sentence imposed by the court through the summary process available under Rule 2:9-11. In an order dated August 30, 2007, this court remanded the matter for the sentencing judge to ensure defendant was informed of the potential of civil commitment under the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38. State v. Goodson, No. A-

2

3542-04 (App. Div. Aug. 30, 2007). In accordance with our remand, defendant was resentenced on January 28, 2008.

Defendant filed a pro se PCR petition on November 14, 2017. In his supporting certification, defendant contended there was newly discovered evidence that should have been investigated and presented by his trial attorney. Defendant argued his attorney's failure to investigate and obtain evidence constituted ineffective assistance of counsel. He also claimed the failure to file his petition within the five-year time period pursuant to Rule 3:22-12 was "due to newly discovered evidence obtained while paroled" and constituted excusable neglect.

The PCR judge determined defendant's petition was procedurally time-barred. Despite the time-bar, the judge addressed the substantive arguments raised in defendant's application, and concluded the petition lacked merit and therefore no evidentiary hearing was warranted.

On appeal, defendant argues the following:

POINT ONE

> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF DESPITE THE INEFFECTIVE ASSISTANCE OF COUNSEL AS ESTABLISHED BY THE U.S. CONST. AMEND. VI AND BY THE N.J. CONST. ART. I, ¶ 10.

(a)     Defendant's Claims.

(b)     Legal Standards Governing Application for Post-Conviction Relief.

(c)     Argument Before the PCR Court.

(d)     The PCR Court's Rulings.

(e)     The PCR Court Erred in Ruling that Defendant's Petition for Post-Conviction Relief was Time-Barred.

(f)     The PCR Court Erred in Rejecting Defendant's Claim that Defendant was Denied Effective Assistance of Counsel When Trial Counsel 1) Failed to Review the DNA Report with Defendant; 2) Failed to Apprise Defendant of the Evidential Significance of the DNA Report; 3) Indicated that he had Lost the DNA Report but Would not Solicit Another Copy; 4) Indicated that he Would not Cross-Examine [the minor victim] on the Basis of the DNA Test; 5) and Stated the DNA Test Would not be Admitted as Evidence.

(g)     The PCR Court Erred in Rejecting Defendant's Claim that Defendant was Denied Effective Assistance of Counsel Because of Trial Counsel's Failure to Conduct Effective Pre-Trial Investigation.

(h)     The PCR Court Erred in Rejecting Defendant's Claim that Trial Counsel's Failures Regarding Pre-Trial Discovery, Investigation, and Disclosures to his Client Rendered Defendant's Plea Involuntary.

4

(i) The PCR Court Erred in not Finding That the Errors of his Trial Counsel Cumulatively Constituted Ineffective Assistance of Counsel.

POINT TWO

THE COURT ERRED IN REFUSING TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING REGARDING DEFENDANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

We need not address defendant's substantive arguments on appeal because we agree with the PCR judge that defendant's petition was time-barred in accordance with Rule 3:22-12(a)(1). The PCR petition was filed in November 2017. Defendant's judgment of conviction was entered on June 22, 2004. Even using the date of defendant's subsequent resentencing, January 30, 2008,[1] defendant's petition was filed well-beyond the five-year period.

The five-year time bar may be relaxed only under the specified circumstances set forth in Rule 3:22-12(a)(1)(A). A late filing may be considered if the petition itself shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on the merits. See State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013).

---

[1] The date of the judgment of conviction controls even in the event of subsequent sentencing proceedings. See State v. Cann, 342 N.J. Super. 93, 102 (App. Div. 2001).

Here, we agree with the PCR judge that none of the exceptions applied to relax the five-year time-bar.

Defendant failed to establish excusable neglect justifying his delay in filing the PCR petition. Nor did he demonstrate enforcement of the time-bar will result in a fundamental injustice. The information upon which defendant relies in support of his PCR application, namely fifty-five witnesses who would testify defendant was not present at the apartment on the date of the incident, was known at the time of trial. Further, the lack of DNA evidence establishing defendant as the father of the child was legally irrelevant to the charged offense of sexual assault of a child between ages thirteen and sixteen. Defendant is required to submit "sufficient competent evidence" to satisfy the standards for relaxing the rule's time restriction, State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018), and he failed to do so.

Having reviewed the record, we affirm for the reasons stated in Judge John C. Eastlack, Jr.'s thorough August 30, 2018 written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0757-18T1