# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0997-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENNETH J. HERMANSEN,

     Defendant-Appellant.

_____

Submitted June 3, 2020 – Decided July 6, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 01-09-1773.

Joseph E. Krakora, Public Defender, attorney for appellant (Angela Costigan, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kenneth J. Hermansen, appeals from the August 23, 2018 order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

Defendant raises the following issues on appeal.

> POINT I: THE [TRIAL] COURT ERRED IN FAILING TO FIND THAT DEFENSE COUNSEL WAS INEFFECTIVE.
>
> A. DEFICIENCY PRONG.
>
> > 1. Trial Counsel failed to explain the Community Supervision for Life requirement to [d]efendant.
> >
> > 2. Trial Counsel and Appellate Counsel failed to consider prejudice to [d]efendant by the [p]rosecutor.
> >
> > 3. Trial Counsel failed to request a mistrial because of inflammatory statements made by the [p]rosecutor and appellate counsel failed to raise the issue on appeal.
> >
> > 4. The Office of the Public Defender and Appellate Counsel failed to advise [d]efendant of his right to file a petition for [PCR].
>
> B. PREJUDICE PRONG.
>
> POINT II: THE [TRIAL] COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING.

A-0997-18T3

POINT III: THERE WAS DELAY IN FILING THE PETITION FOR PCR DUE TO DEFENDANT'S EXCUSABLE NEGLECT.

We previously set forth the facts in this matter in State v. Hermansen, No. A-1075-03 (App. Div. Jan. 11, 2005), and only repeat facts and procedural history relevant to this appeal.

On September 19, 2001, defendant was charged by an Atlantic County Grand Jury under Indictment Number 01-09-1773 with second-degree sexual assault, N.J.S.A. 2C:14-2(c); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and fourth-degree child abuse, N.J.S.A. 9:6-3.

The matter was tried before a jury and defendant was convicted on all four counts on February 19, 2002. Defendant was sentenced to a term of ten years and placed on Community Supervision for Life (CSL).

Defendant appealed and we affirmed his convictions. In August 2017, defendant filed a petition for PCR and on April 5, 2018, appointed counsel filed a subsequent brief. After hearing argument on August 16, 2018, the court placed its findings on the record and denied defendant's petition without an evidentiary hearing by order dated August 23, 2018. The PCR judge determined defendant's petition was untimely and was subject to dismissal for that reason alone,

A-0997-18T3

however, she discussed the merits of defendant's petition and found he did not establish the elements of a prima face case entitling him to an evidentiary hearing. This appeal followed.

On appeal, defendant asserts the trial court erred in finding he failed to establish a prima facie claim of ineffective assistance of counsel. Specifically, defendant argues both his trial and appellate counsel were ineffective because: 1) trial counsel failed to explain the CSL requirement to defendant; 2) both trial and appellate counsel did not raise an alleged conflict of interest concerning the prosecutor; 3) trial counsel did not request a mistrial because of inflammatory statements made by the prosecutor and appellate counsel did not raise the issue on appeal; and 4) neither trial counsel nor appellate counsel advised defendant of his right to file a petition for PCR. Defendant also argues his application for PCR should not have been dismissed as untimely, because he established a basis for excusable neglect.

We agree with the PCR judge that defendant's petition was untimely because it was filed beyond the five-year time limitation enumerated in Rule 3:22-12 and defendant did not establish a basis for excusable neglect.

Rule 3:22-12(a)(1) provides, in pertinent part:

[N]o petition shall be filed pursuant to this rule more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged unless:

(A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]

Our Supreme Court has instructed "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). We have held that "when a first PCR petition shows it was filed more than five years after the date . . . of the judgment of conviction . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition," and the defendant must bring forth "competent evidence to satisfy the standards for relaxing the rule's time restrictions . . . ." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

"The concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). The Court has

5

explained when deciding whether to relax the time bar, courts should "consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  Afanador, 151 N.J. at 52 (citation omitted). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Milne, 178 N.J. 486, 492 (2004) (quoting Afanador, 151 N.J. at 52).

Here, defendant's petition was filed fifteen years after the entry of his judgment of conviction.  Defendant's petition is bereft of any facts illustrating excusable neglect and offers no explanation for the length of delay.  Defendant's affidavit submitted with his amended petition asserts his appellate counsel did not tell him he could file for PCR.  However, even if we accept that assertion as true, it would not constitute excusable neglect.  Indeed, a "lack[] [of] sophistication in the law does not [constitute] exceptional circumstances . . . ." State v. Murray, 162 N.J. 240, 246 (2005).  Since defendant failed to establish excusable neglect under Rule 3:22-12(a)(1), it is unnecessary for us to reach the merits of the appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6