**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4548-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN RIVERA, a/k/a LUIS
CEPIN,

     Defendant-Appellant.

_____

Submitted December 15, 2021 – Decided January 6, 2022

Before Judges Gooden Brown and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 93-08-2181.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Debra B. Albuquerque, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, who is not a United States citizen, pled guilty to a criminal offense in 1993 and now appeals from the January 30, 2020 Law Division order denying his first petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following points for our consideration:

POINT I

BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR PCR.

(A) Legal Standards Governing Applications For [PCR].

(B) Defense Counsel Was Ineffective, For Among Other Reasons, Failing To Request An Interpreter And Failing To Advise [Defendant] That Pleading Guilty May Result In Denial Of His Application For United States Citizenship.

POINT II

BECAUSE DEFENDANT DID NOT MAKE A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

(A) Legal Standards Governing Applications For [PCR].

(B) Defendant Did Not Make A Knowing, Intelligent, And Voluntary Guilty Plea.

2

A-4548-19

POINT III

IN THE ALTERNATIVE, BECAUSE THERE ARE
GENUINE ISSUES OF MATERIAL FACT IN
DISPUTE, THE PCR COURT ERRED IN DENYING
AN EVIDENTIARY HEARING.

(A) Legal Standards Governing [PCR]
Evidentiary Hearings.

(B) In The Alternative, [Defendant] Is
Entitled To An Evidentiary Hearing.

We affirm.

We glean these facts from the record. On August 31, 1993, defendant was charged in an Atlantic County indictment with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); and third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) (count two). The charges stemmed from the execution of a search warrant at an apartment where police seized four glassine bags of heroin and an electronic calculator. Police also seized $1,052 in cash from defendant's wallet. Defendant was the only person present in the apartment at the time of the search.

On October 4, 1993, defendant entered a negotiated guilty plea to count two. Question seventeen of the plea form defendant signed at the plea hearing asked, "Do you understand that if you are not a United States citizen or national,

you may be deported by virtue of your plea of guilty?" In response, defendant circled "N/A" or not applicable. Because of the age of the case, a transcript of the plea hearing to ascertain the exact colloquy that ensued regarding question seventeen is not available. However, at the time, defendant was a national of the Dominican Republic and had obtained conditional permanent residency status as the spouse of a United States citizen. On June 4, 1994, the conditions were removed, and defendant became a lawful permanent resident of the United States.

For reasons undisclosed in the record, the judgment of conviction was not entered until April 28, 1995,[1] when defendant was sentenced in accordance with the plea agreement to three years' probation, conditioned upon serving forty-five days in the county jail. The sentence was to run concurrent with a sentence imposed in connection with a Bergen County indictment which was also not provided in the record.

Defendant did not file a direct appeal challenging any aspect of his conviction or sentence. Over twenty years later, on November 23, 2015, defendant applied to become a naturalized citizen of the United States. On May

---

[1] On April 25, 1995, an immigration judge allowed defendant to retain his permanent residency status despite the October 4, 1993 guilty plea.

31, 2016, his application was denied because his October 4, 1993 guilty plea to what was considered "an aggravated felony" under immigration law,[2] "permanently barred [him] from establishing good moral character." Following a hearing, on December 27, 2016, United States Citizenship and Immigration Services (USCIS) reaffirmed its initial decision denying defendant's naturalization application.

On May 10, 2019, defendant filed a petition for PCR through a New York attorney,[3] asserting he was denied effective assistance of counsel. Defendant contended plea counsel "failed to properly advise him as to the immigration consequences of his guilty plea," and as a result, defendant "is now permanently barred from becoming a United States citizen." Defendant sought to vacate his felony conviction, reduce the "charge and conviction . . . to a misdemeanor," or receive an evidentiary hearing. After obtaining New Jersey PCR counsel, on October 16, 2019, defendant submitted a certification averring "[he] did not know that [he] had a conviction . . . [for] an [a]ggravated [f]elony" until his citizenship application was denied by "the USCIS in 2016." Defendant further

_____

[2] See 8 U.S.C. § 1227(a)(2)(A)(iii).

[3] Because there is no indication in the record that the attorney was admitted pro hac vice, we consider the PCR petition as if it were filed pro se.

A-4548-19

certified "[he] did not speak English during [his October 4, 1993] guilty plea . . . and no interpreter was provided."  He also asserted "[he] would not have entered a plea if [he] had been aware that [he] was actually entering a plea especially to an [a]ggravated [f]elony."

On January 30, 2020, following oral argument, the PCR judge denied defendant's petition without conducting an evidentiary hearing.  In an oral opinion, the judge summarized defendant's arguments as follows:

> [D]efendant essentially is claiming that his learning of his conviction is newly discovered evidence.  He also asserts that his plea was involuntary.  He argues that his 1993 plea counsel was deficient in failing to tell defendant that . . . as a conditional permanent resident at the time, [defendant] would be permanently prevented from showing he has good moral character in naturalization proceedings.[4]

In rejecting defendant's arguments, the judge determined defendant's petition was time barred and defendant failed to "submit competent evidence to

_____

[4]  The judge noted defendant "had two different lawyers in th[e] case," one attorney who represented him at the plea hearing and another attorney who represented him at sentencing.  The judge expounded on her familiarity with the attorneys, both of whom appeared before her "several times."  The judge described plea counsel, who had since "retired from the Public Defender's Office," as "a knowledgeable" attorney "of Asian de[s]cent" with "a sensitivity to certain issues with respect to persons who do not understand the English language."  The judge described sentencing counsel as an attorney who paid "great attention to detail."

satisfy the standards for relaxing" the requirements in Rule 3:22-12(a). The judge found "[t]he five[-]year filing deadline" in Rule 3:22-12(a)(1) "ran in 2000" and defendant failed to establish "excusable neglect" for the filing delay. The judge also rejected defendant's reliance on "what he call[ed], newly discovered evidence" to justify a "one[-]year" extension contemplated under Rule 3:22-12(a)(2)(B) for instances when "the factual predicate for the relief sought . . . could not have been discovered earlier through the exercise of reasonable diligence." The judge found it incredulous that defendant "did not know about his drug conviction until 2016" and added that even "assuming defendant [only] learned about his conviction and its consequences in 2016, defendant failed to file his petition within the additional one[-]year [time] bar." Instead, the petition was filed "two years beyond" defendant's purported discovery date. The judge determined an evidentiary hearing was not warranted and entered a memorializing order. This appeal followed.

On appeal, defendant argues "his defense attorney provided ineffective assistance of counsel" by "failing to obtain an interpreter for [him] during the guilty plea proceedings, failing to inform [him] that he was pleading guilty especially to an aggravated felony, and failing to inform [him] that his guilty plea would bar him from obtaining United States citizenship." Defendant asserts

7

"it is apparent" from his "certification . . . in support of his petition" that due to his attorney's deficient performance, his "plea was not knowing, intelligent, and voluntary." Defendant also maintains "[t]he PCR court incorrectly decided that the five-year bar under [Rule] 3:22-12(a)(1) . . . should not be relaxed in th[e] case." Defendant contends he "has met his burden" to obtain PCR or "[a]lternatively, . . . an evidentiary hearing." We disagree.

> Rule 3:22-12(a)(1) sets a five-year time limitation for the filing of a PCR petition, unless the petition itself shows excusable neglect for the late filing and fundamental injustice if defendant's claims are not considered on their merits. By its subsection (a)(2), Rule 3:22-12 allows an additional one-year limitation period if the courts recognize a new constitutional right or defendant discovers a previously unknown factual predicate justifying relief from the conviction.
>
> [State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013).]

In State v. McQuaid, 147 N.J. 464, 485 (1997), our Supreme Court "emphasized the important policy underlying the requirement that PCR petitions be timely filed" as follows:

> There are good reasons for [Rule 3:22-12]. As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost

8

> or unattainable. . . . Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.
>
> [Ibid. (alterations in original) (quoting State v. Mitchell, 126 N.J. 565, 575-76 (1992)).]

Although "a court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice demand it,'" State v. Goodwin, 173 N.J. 583, 594 (2002) (quoting Mitchell, 126 N.J. at 576), "a court should only relax the bar of Rule 3:22-12 under exceptional circumstances," State v. Afanador, 151 N.J. 41, 52 (1997). In that regard, a "court 'should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" Goodwin, 173 N.J. at 594 (quoting Afanador, 151 N.J. at 52). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay" because "[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases." Afanador, 151 N.J. at 52.

9

"Mindful of these policy considerations," in State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018), we held:

> [W]hen a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [Ibid.]

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." Brewster, 429 N.J. Super. at 401. "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997).

Here, the PCR judge correctly denied defendant's PCR petition as untimely, and we discern no abuse of discretion in denying the petition without an evidentiary hearing. Defendant's petition was filed in 2019, nineteen years after the five-year filing deadline contained in Rule 3:22-12(a)(1) had passed. The judge found defendant failed to show by competent evidence that the delay

was due to excusable neglect. On this record, we are satisfied defendant also failed to establish there was a reasonable probability that if his factual assertion that he was unaware of his 1995 felony conviction were true, enforcement of the time bar would result in a fundamental injustice. See State v. Milne, 178 N.J. 486, 492-93, 495 (2004) (finding "no compelling reason to relax the procedural bar of Rule 3:22-12" where the defendant had "opportunities to assert his claims in a timely fashion but failed to do so," "the State would be significantly prejudiced if now forced to relitigate issues pertaining to crimes and a trial that occurred nearly two decades ago," and the judiciary would be faced "with the prospect of evaluating the propriety of a sixteen-year-old criminal conviction").

Further, even if defendant was unaware of the conviction and its immigration consequences until 2016 as he claimed, he failed to "file his petition within one year . . . of his learning the 'factual predicate' that the conviction would have adverse immigration . . . consequences." Brewster, 429 N.J. Super. at 399. "If excusable neglect for late filing of a petition is equated with incorrect or incomplete advice, long-convicted defendants might routinely claim they did not learn about the deficiencies in counsel's advice on a variety of topics until after the five-year limitation period had run." Id. at 400.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-4548-19