**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0259-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MIASHARI FOX,

    Defendant-Appellant.

_____

> Submitted November 19, 2025 – Decided December 10, 2025
>
> Before Judges Paganelli and Vanek.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Accusation No. 11-04-0233.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).
>
> Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent (Jake Bassinder, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant-appellant Miashari Fox appeals from the September 16, 2024 order denying her third petition for post-conviction relief (PCR). Because Fox's petition is time-barred pursuant to Rule 3:22-12(a)(2), we affirm.

I.

The events giving rise to Fox's incarceration are detailed in our prior opinion State v. Fox (Fox II), No. A-3802-14 (App. Div. Apr. 13, 2017). We recount only the facts material to our determination of this appeal.

On April 11, 2011, Fox pleaded guilty to one count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and one count of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1).[1] On June 28, 2011, Fox was sentenced to concurrent terms of twenty-five years' incarceration for aggravated manslaughter and ten years' incarceration for aggravated assault, with both counts subject to the eighty-five percent parole disqualifier under the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed Fox's sentence. State v. Fox (Fox I), No. A-0734-11 (App. Div. June 27, 2012).[2]

---

[1] Fox II, (slip op. at 2 & n.1) ("Based on her plea to the accusation, a four count indictment was dismissed, which charged defendant with murder, N.J.S.A. 2C:11-3(a)(2); attempted murder, N.J.S.A. 2C:11-3 and N.J.S.A. 2C:5-1; aggravated assault, N.J.S.A. 2C:12-1(b)(1); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).").

[2] The Supreme Court denied Fox's petition for certification. State v. Fox, 213 N.J. 46 (2013).

In 2013, Fox filed her first PCR petition alleging ineffective assistance of counsel (IAC), arguing counsel failed to elicit a sufficient factual basis for the aggravated manslaughter plea and failed to argue certain mitigating factors at the sentencing hearing. Counsel attempted to resolve the first PCR petition by having Fox withdraw the initial guilty plea and enter an amended plea to aggravated manslaughter, with the State recommending a lesser sentence of incarceration to run concurrently with the ten-year sentence for aggravated assault. The PCR judge was not satisfied with Fox's factual basis for the amended plea and reinstated the original guilty plea.

The judge denied Fox's first PCR petition. We affirmed. Fox II, slip op. at 11. In October 2021, Fox's motion for reduction of the sentence pursuant to Rule 3:21-10(b)(4) was denied.

In November 2021, Fox filed a second PCR petition, asserting IAC as to the first PCR petition and arguing mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14), enacted by the Legislature in October 2020, applied retroactively to her case. In April 2022, Fox's second PCR petition was denied as time-barred and for failure to state a prima facie case of IAC. Fox's subsequent appeal was dismissed for failure to prosecute because she did not provide a copy of the order she appealed, after the court requested it.

A-0259-24

In August 2023, Fox filed a third PCR petition rearguing IAC as to the first PCR petition. Fox asserted that, if her counsel had elicited the requisite factual basis for the amended plea agreement, the court would have reduced her sentence. Fox again sought to vacate the original plea agreement, which included a recommended twenty-five years' incarceration, and to amend her sentence to twenty years' incarceration, consistent with the proposed amended plea agreement which was previously rejected.

In a September 16, 2024 order, the trial judge denied Fox's third PCR petition, finding it untimely under Rule 3:22-12(a) and 3:22-4(b). The judge found Fox filed her third petition

> well over a year after the first PCR [petition] was denied. Further, the factual predicate—that the amended plea was not accepted by the [first] PCR [judge]—was known to [Fox] well over a year before [she filed] the second and [third] PCR [petitions]. Even if the [c]ourt were to accept [Fox's] argument that the third PCR [petition] should be considered filed on December 7, 2021, the date the second PCR was filed, because the [c]ourt failed to assign counsel to the second PCR, the [third PCR] petition is still time barred.
>
> The amended plea was rejected at the first PCR hearing on January 16, 2015. The first PCR [petition] was denied on February 25, 2015. Both events occurred over six years before the second PCR [petition] was filed on December 7, 2021, and the same is also true for the third PCR [petition].

Fox raises the following points on appeal:

POINT I

THE PCR JUDGE ERRED IN IMPOSING A PROCEDURAL BAR.

POINT II

THE PCR JUDGE ERRED IN FINDING THAT FIRST PCR COUNSEL HAD NOT BEEN INEFFECTIVE.

II.

We review a PCR judge's conclusions of law de novo. <u>State v. Nash</u>, 212 N.J. 518, 540-41 (2013) (citing <u>State v. Harris</u>, 181 N.J. 391, 415-16 (2004)). Absent an evidentiary hearing, we review—without deference, "both the factual findings and legal conclusions of the PCR court." <u>Harris</u>, 181 N.J. at 421.

Under <u>Rule</u> 3:22-12(a)(2)(A) to (C), a second or subsequent PCR petition must be filed within one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

5

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

A subsequent PCR petition must be denied unless it pleads, on its face, one of the three criteria under Rule 3:22-12(a)(2). R. 3:22-4(b). "Absent sufficient[,] competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

In her merits brief, Fox concedes the procedural bar is applicable to her third PCR petition but argues that "fundamental injustice" permits the late filing. Neither Rule 3:22-4(b) nor Rule 3:22-12(a)(2), however, contain "fundamental injustice" exceptions. Moreover, the Rules are clear that the one-year limitation for second or subsequent petitions "shall not be relaxed" except as provided under Rule 3:22-12(a)(2). R. 3:22-12(b); State v. Marolda, 471 N.J. Super. 49, 62 (App. Div. 2022); see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).

We are convinced the trial judge correctly denied Fox's third PCR petition as untimely under both Rule 3:22-12(a)(2) and Rule 3:22-4(b). Fox's first PCR petition was denied in January 2014, the second PCR petition was

denied in April 2022, and the third PCR petition was not filed until August 21, 2023. Therefore, under Rule 3:22-12(a)(2)(C), Fox's third PCR petition is time-barred as filed outside the one-year limitation. Fox's third petition neither relies on a newly recognized constitutional right nor a factual predicate which could not have been discovered earlier through reasonable diligence such that the petition could be deemed timely under Rule 3:22-12(a)(2)(A) or (B).

Because we discern no error in the trial judge's finding that Fox's third PCR petition was untimely, we need not reach the substantive merits of Fox's petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0259-24