**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3642-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SEAN JONES,

     Defendant-Appellant.

_____

Submitted October 1, 2020 – Decided October 26, 2020

Before Judges Ostrer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 88-10-3334.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Hannah Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sean Jones appeals from a November 16, 2018 order denying his post-conviction relief (PCR) petition, following an evidentiary hearing. We affirm.

On July 5, 1989, defendant pled guilty to second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; first-degree robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a). In exchange for his plea, the State agreed to dismiss other pending charges, and recommended a maximum sentence of forty years with a twenty-year period of parole ineligibility, to be served consecutive to a sentence defendant already was serving for an unrelated murder. The plea agreement reflected this recommendation and the judge noted the recommendation at the time of defendant's plea.

During defendant's plea allocution, he advised the judge that his trial attorney had reviewed the plea form with him, that defendant understood the

questions and answers on the form, and he was satisfied with his attorney's services.[1]

When defendant provided a factual basis for the plea, he admitted, under oath, that in June 1988, he and his codefendant, Ali Morgano, agreed to rob a street vendor, and that defendant approached the vendor, pointed a gun at him and demanded his money. Defendant also testified that a struggle ensued, he shot and killed the vendor, and took the money from his victim's pockets before he ran away. The record reflects that after the shooting, an eyewitness identified defendant as the shooter, and defendant provided a statement to police, admitting his involvement in the robbery and shooting.

Defendant was sentenced on July 14, 1989 to an aggregate term of thirty years, with a fifteen-year period of parole ineligibility. Although defense counsel asked for defendant's sentence to run concurrent to the sentence defendant was serving for the previous murder, the sentencing judge rejected this request and directed that defendant serve his sentence consecutive to his

---

[1] Coincidentally, defendant's trial counsel also represented defendant when he was convicted for the previous murder.

A-3642-18T3

existing sentence for the prior murder. Defendant filed a direct appeal, and in 1990, we affirmed his sentence.

According to defendant, it was not until early 2016 that he asked an inmate paralegal to review this matter. As defendant only had his 1989 presentence report for the paralegal's review, defendant filed a request for additional paperwork. Upon receipt and review of the paperwork, the inmate paralegal advised defendant his arrest was "illegal." Defendant contends this was the first time he learned he could pursue PCR relief.

On November 9, 2016, defendant filed a pro se petition for PCR, alleging his trial counsel was ineffective for various reasons. For example, defendant argued his attorney failed to review discovery with him, neglected to challenge the basis for his arrest, and did not file a motion to suppress defendant's confession, despite defendant's assertion that the police did not notify him of his Miranda[2] rights. Defendant also contended his attorney did not properly review his plea form with him before he was advised to plead guilty, and that his attorney failed to notify him of his appellate rights. Due to his trial counsel's purported ineffectiveness, defendant claimed he mistakenly pled guilty, despite being innocent of the charges.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3642-18T3

The PCR judge conducted an evidentiary hearing in July and August 2018. Defendant and his trial counsel testified at the hearing. According to defendant's testimony, the police did not provide him with Miranda warnings before he falsely told them he shot the vendor. Additionally, he stated that if he had understood he could move to suppress his statement, he would "never" have pled guilty, as he did not rob or kill the vendor. On cross-examination, defendant admitted his attorney was aware of his confession to the police and because defendant confessed, his attorney advised him that pleading guilty was "the right option." Defendant also testified that when he gave a factual basis for his plea, he was "misinformed." On redirect, defendant testified that trial counsel advised him that if he pled guilty, he would receive a sentence concurrent to his existing sentence. Further, defendant affirmed that he had filed approximately five PCR petitions on his unrelated murder case.

When defendant's trial attorney testified, he stated that he had no recollection of defendant's case. Additionally, he confirmed he reviewed submissions from defendant's PCR counsel but did not have his own file on defendant's case, as he would have returned his file to the Public Defender when his representation concluded. Nevertheless, defendant's trial counsel testified it was his practice to "always" review discovery with his clients and he assumed

A-3642-18T3

he reviewed discovery with defendant. Moreover, he testified he would file suppression motions for clients if he found a basis to challenge a confession. Further, defendant's trial counsel noted the plea agreement exposed defendant to "consecutive time."

The PCR judge found defendant's claims were time-barred under Rule 3:22-12, and that no exception to that Rule applied. Further, the PCR judge determined defendant's claims were barred under Rule 3:22-4(a), as his claims could have been raised on direct appeal. Lastly, the judge concluded that even if defendant's PCR petition was not barred under these Rules, defendant failed to support his petition with credible evidence to establish his counsel was ineffective. Indeed, the PCR judge found defendant's testimony "not credible and totally unreliable."

On appeal, defendant raises the following arguments:

POINT I

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

(A) Legal Standards Governing Applications For Post-Conviction Relief.

(B) Trial Counsel Failed to Review Discovery with [Defendant], Failed to File Motions Challenging

[Defendant's] Arrest and Seeking to Suppress the Arrest and his Subsequent Statement to the Police, and Failed to Properly Advise [Defendant] of his Right to and Grounds for Appeal.

POINT II

THE PCR COURT ERRED IN FINDING THAT PETITIONER'S CLAIMS ARE PROCEDURALLY BARRED.

(A) Legal Standards Governing Post-Conviction Relief Procedural Bars.

(B) Petitioner's Claims are Not Procedurally Barred from Being Raised in this Petition for Post-Conviction Relief.

After carefully reviewing the record, we cannot conclude defendant's claims were barred under Rule 3:22-4(a), but we are satisfied the PCR judge properly determined defendant's petition was time-barred under Rule 3:22-12(a)(1), and also lacked substantive merit.

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A). Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances'

7

because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have held that "when a first PCR petition" is filed "more than five years after the date of entry of the judgment of conviction," the PCR court should examine the "timeliness of the petition" and the defendant must "submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant]'s claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)). "Ignorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002) (citing State v. Murray, 162 N.J. 240, 246 (2000)).

Next, a fundamental injustice occurs "when the judicial system has denied a 'defendant with fair proceedings leading to a just outcome' or when 'inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice.'" State v. Nash, 212 N.J. 518, 546 (2013) (quoting Mitchell, 126 N.J. at 587). Thus, to satisfy the fundamental-injustice element of Rule 3:22-12(a)(1)(A), a defendant "must make 'some showing' that an error or violation 'played a role in the determination of guilt.'" Id. at 547 (quoting State v. Laurick, 120 N.J. 1, 13 (1990)).

Here, defendant filed his petition for PCR on November 9, 2016, and the PCR judge found he

> failed to provide a "plausible explanation" for filing [his petition twenty-seven] years after sentencing, let alone any credible evidence to establish "excusable neglect" sufficient to overcome the five[-]year procedural bar for filing a PCR application. Nor has [defendant] been able to establish that adherence to the five[-]year procedural bar would result in [a] "fundamental injustice." (citations omitted).

In short, we agree with the PCR judge that defendant's belated petition is time-barred, for the reasons he expressed.

Notwithstanding the time bar, the PCR judge proceeded to consider the merits of defendant's application and concluded defendant failed to demonstrate a prima facie case of ineffective assistance of plea counsel, as his allegations

9

were "ludicrous and not credible." To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test). "To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, that [defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, defendant must make those showings by presenting more than "bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The law is "clear that . . . purely speculative deficiencies in representation are insufficient to justify reversal." Fritz, 105 N.J. at 64 (citations omitted); see also State v. Arthur, 184 N.J. 307, 327-28 (2005).

We apply a deferential standard of review to an appeal of a denial of a PCR petition following an evidentiary hearing. State v. Pierre, 223 N.J. 560,

576 (2015) (quoting <u>Nash</u>, 212 N.J. at 540). The factual findings made by a PCR court will be accepted if they are based on "sufficient credible evidence in the record." <u>Ibid.</u> (quoting <u>Nash</u>, 212 N.J. at 540). In contrast, interpretations of the law "are reviewed de novo." <u>Id.</u> at 576-77 (quoting <u>Nash</u>, 212 N.J. at 540-41).

Here, we are persuaded the PCR judge properly concluded defendant failed to establish either <u>Strickland</u> prong, based on the judge's credibility and factual findings. We discern no basis for rejecting those findings, which are supported by substantial credible evidence developed at the evidentiary hearing.

To the extent we have not addressed defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3642-18T3