**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0505-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MAURICE SPAGGERY,
a/k/a PHIL BROWN,
STAGGERY MAURICE,
PETE BROWN, PHILLIP F.
BROWN, and SPAGGERY
MARUICE,

    Defendant-Appellant.

_____

Submitted July 13, 2020 – Decided October 29, 2020

Before Judges Suter and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 05-02-0254.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special

Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Maurice Spaggery[1] appeals from the dismissal on August 21, 2018 of his second petition for post-conviction relief (PCR). He alleges ineffective assistance of counsel, arguing his trial counsel did not file appropriate motions or complete the investigation prior to the plea-cutoff date, did not request approval from the criminal presiding judge under Rule 3:9-3(g) to accept a plea after the pre-trial conference, and misunderstood the importance of the plea-cutoff. He claims his first PCR counsel and his appellate counsel in two prior appeals provided constitutionally ineffective assistance by not arguing vigorously about trial counsel's alleged deficient performance. For the reasons that follow, we affirm.

I.

Defendant was indicted for the September 5, 2004 armed robbery of a woman who was withdrawing money at an ATM. We do not need to relate the details of the offenses or arrest for purposes of this opinion.

---

[1] Defendant's name is Spaggery F. Maurice. He is misnamed in the caption.

Defendant was convicted by a jury in 2006 of first-degree armed robbery, N.J.S.A. 2C:15-1, second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a), third-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b), and third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(4). He was sentenced to an aggregate term of incarceration of eighteen years subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant's sentence was consecutive to a sentence he was serving in Essex County.

Defendant filed an appeal in 2006. We affirmed his conviction and sentence. See State v. Spaggery, No. A-6400-05 (App. Div. May 19, 2009) (Spaggery I). Among other issues, defendant raised the lack of effective assistance by his trial counsel, alleging she "failed to file pretrial motions to suppress evidence and, also failed to request a jury instruction on identification." We indicated the claim should first be presented to the trial court as a PCR application. The Supreme Court denied the petition for certification. State v. Spaggery, 200 N.J. 369 (2009).

Defendant filed a pro se PCR petition in 2010 alleging his appellate attorney in Spaggery I was ineffective by not raising arguments about his trial

attorney's performance. Counsel for defendant also filed a brief for defendant raising issues about trial and appellate counsel's performance.

The PCR petition was denied on October 19, 2012. We affirmed this denial. See State v. Spaggery, No. A-3307-12 (App. Div. Sept. 16, 2015) (Spaggery PCR I). Relevant here, one of defendant's pro se claims in Spaggery PCR I was that "he asked PCR counsel to raise that his trial counsel was ineffective in the plea process, that PCR counsel advised against raising the claim, and that defendant agreed not to raise it." In our opinion in Spaggery PCR I, we concluded that:

> defendant's claim that trial counsel was ineffective in the plea process is rebutted by the record.
>
> Defendant admits he received and rejected a plea offer. The offer was to recommend defendant serve nine (apparently amended to eight) years in prison, with an [eighty-five percent] period of parole ineligibility, concurrently with a seven-year State prison sentence he was receiving in Essex County. The trial court urged defendant to accept such a low offer, warning that if he rejected the offer he was likely to be sentenced at the upper end of the range, and that the offer would be off the table on the date of trial. Nonetheless, defendant rejected the offer.
>
> On the first day of trial, trial counsel argued that defendant should still be able to accept the amended plea offer. Trial counsel stated that defendant turned down the State's offer in part because he hoped [a proposed witness] would be a defense witness.

4

However, [the proposed witness] was not cooperative with the defense; his statement to defense investigators "did not assist us in our defense at all;" and ultimately he was listed as a prosecution witness. Trial counsel argued that the plea offer should be reopened because she was unable to communicate [the proposed witness's] unhelpfulness to defendant before the first day of trial.

Trial counsel detailed how her efforts to contact defendant earlier were thwarted because he was being transferred back and forth between Essex County Jail, Union County Jail, and the State Central Reception and Assignment Facility in Trenton. She went to the jail to speak with him on multiple occasions, but was turned away because he had been transferred out or was still being processed on his transfer back. She made efforts to verify he was in a particular jail, and to mail him information in both jails, but her efforts were thwarted and her mail returned because he was incarcerated under different names.

After a lengthy argument by trial counsel, the trial court denied counsel's request to reopen the offer. The court pointed out it was the first day of trial, the State had prepared for trial and refused to reopen the offer, defendant had had four months to accept the offer, and he had rejected it knowing the consequences. Defendant did not appeal that ruling. See R. 3:22–4(a).

Defendant now claims trial counsel was ineffective for not communicating [the proposed witness's] refusal to him sooner. However, defendant stated on the record that "[i]t wasn't really [trial counsel's] fault because she did attempt to come see me, she attempted to send me documents," "but I was always being moved around from facility to facility," and "I have a really unique name" which the facilities misspelled and "put

5

backwards." Given trial counsel's uncontested efforts, defendant has not shown counsel's efforts "'fell below an objective standard of reasonableness,' "particularly as "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" Marshall, supra, 148 N.J. at 256 (quoting Strickland, supra, 466 U.S. at 689, 104 S.Ct. at 2064-65, 80 L. Ed.2d at 694).

[Spaggery PCR I, slip op. at 20-23.]

Defendant's petition for certification was denied. State v. Spaggery, 224 N.J. 123 (2015).

Defendant filed a second PCR petition on November 8, 2017. He alleged for the first time that he obtained the transcript of the pre-trial conference, which was conducted on October 31, 2005, and some of his school records—including his individual education plan (IEP)—which explained he was a special needs student.

Defendant argued the second PCR was timely because he recently received these materials. He contended the new transcript provided a factual predicate for his ineffective assistance of counsel claim.

Defendant certified that trial counsel explained he could reject the plea offer, that counsel would file a motion to suppress evidence from the traffic stop and submit an alibi notice. His mother paid the fee for the transcript. She also provided the documents about defendant's special educational needs. Defendant

argued his trial attorney failed to investigate potential witnesses for the defense before the plea cutoff date. He claims he was misadvised by trial counsel that he could accept the plea offer before trial if the investigation results were negative. He claimed he did not have the necessary information before the plea cut off. He claims he was prejudiced by not taking the plea.

Defendant argued his PCR counsel was deficient by not investigating and pursuing these issues in the first PCR. The court was never presented with his school records or the pretrial records.

Defendant's mother certified that she told defendant's trial attorney that defendant was a special needs student, did not always make the "right" decisions and that she needed to be involved in any decision-making. She said she was not contacted to provide an alibi statement and was not advised of the plea offer until afterwards.

Counsel for defendant submitted a supplemental brief, arguing that his trial "counsel had no communication with [defendant] from the pretrial conference until the first day of trial." It was on the first day of trial, defendant allegedly learned that "no defense had been prepared for him, and . . . the plea cut-off rule would not be relaxed to permit him to accept he plea previously offered." He alleges that his trial counsel misinformed him about the

importance of the plea-cut off, believing that she could continue to file motions and investigate after the pretrial conference. He claims he rejected a viable plea deal because he believed work was being done on the case that might yield a viable defense. He complains that PCR counsel refused to advance these arguments about trial counsel. Defendant requested an evidentiary hearing.

The second PCR petition was dismissed on August 21, 2018. In its written opinion, the court found the issue of trial counsel's competency was already adjudicated in the Spaggery PCR I. It also found the second PCR was untimely, having been filed more than four years after it was barred by the Court Rules. The court found the pre-trial conference transcript for October 31, 2005 and defendant's IEP could have been obtained by reasonable diligence. Defendant knew there were transcripts because he previously filed a pro se motion for transcripts. The court found no reason to relax these timeframes because "all issues raised here were known at the time [defendant's] initial petition for post-conviction relief was argued and decided."

Defendant presents the following issues on appeal.

> POINT I
>
> IN THE INTEREST OF JUSTICE, PETITIONER'S PCR CLAIM IS NOT TIME BARRED UNDER R. 3:22-12.

<u>POINT II</u>

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, HE REJECTED A FAVORABLE PLEA OFFER, AND THEREFORE, HE IS ENTITLED TO POST-CONVICTION RELIEF, INCLUDING AN EVIDENTIARY HEARING.

(a) Trial counsel failed to file all necessary pre-trial motions before the plea cut-off period.

(b) Trial counsel failed to complete the investigation before the plea cut-off period.

(c) Trial counsel did not request approval from the Criminal Presiding Judge.

(d) Trial counsel misunderstood the importance of the plea cut-off period.

We are not persuaded by these arguments and affirm.

II.

The PCR court properly denied defendant's second PCR because it was untimely filed. Under <u>Rule</u> 3:22-4(b):

A second or subsequent petition for post-conviction relief shall be dismissed unless:

(1) it is timely under R. 3:22-12(a)(2); and

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Thus, to be timely, the second PCR must satisfy Rule 3:22-12(a)(2) and it must satisfy Rule 3:22-4(b)(2)(A), (B), or (C). Defendant's second PCR petition fails on both prongs.

Under Rule 3:22-12(a)(2), "no second or subsequent petition shall be filed more than one year after the latest of" one of three dates. The first addresses the date of a newly recognized constitutional right. See R. 3:22-12(a)(2)(A) (providing "the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New

Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review"). This is not involved here.

The second is "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence . . . ." R. 3:22-12(a)(2)(B). This second date is not satisfied here because the pre-trial conference at the heart of defendant's claim occurred on October 31, 2005. Defendant has raised issues about the ineffective assistance of counsel since his first appeal. That he did not have the transcript of the pre-trial conference does not mean he could not have discovered or obtained it with reasonable diligence.

The third is "the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for postconviction relief is being alleged." R. 3:22-12(a)(2)(C). In this case, defendant's first PCR petition was denied on October 19, 2012, but his second PCR petition was not filed until November 8, 2017, which was considerably more than a year after the denial of his first PCR. This subsection also was not met.

A-0505-18T1

Therefore, defendant's second PCR petition is untimely because it does not satisfy Rule 3:22-12(a)(2)(A), (B), or (C) and by not satisfying this, it is barred and must be dismissed under Rule 3:22-4(b).

There is no provision under Rule 3:22-4(b) to modify this time frames for "excusable neglect". See State v. Jackson, 454 N.J. Super. 284, 293-94 (App. Div. 2018) (providing the time bar under Rule 3:22-12(a)(2) cannot be "excused in the same manner as the late filing of a first PCR petition"). A court cannot review the merits of an untimely second PCR petition that does not satisfy the Rules. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). Additionally, the time frames under Rule 3:22-12(a) cannot be relaxed pursuant to Rule 3:22-12(b). There also is no ability to relax the timeframes under Rule 1:1-2(a). See R. 1:3-4(c) (providing that neither the parties nor the court may enlarge the time specified by Rule 3:22-12). There is no reason to consider enlarging the time. These issues were known to defendant in his first PCR petition. Defendant was told by the judge at the pre-trial conference that if he rejected the plea, it would not be available later.

Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or

prior to the adoption thereof, or in any appeal taken from such proceedings."

Defendant argues that trial counsel provided ineffective counsel by not filing pre-trial motions and by not completing the investigation prior to the pre-trial conference. In Spaggery PCR I, we noted, however, that had a motion to suppress the results of the motor vehicle stop been made, it would have failed. We also noted there was no showing a motion for a mistrial would have been granted based on one comment by an arresting officer which comment was stricken and a curative instruction was given. We found the record did not support the claim of ineffective assistance of counsel.

Defendant failed to show prejudice as required for PCR relief. The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability

13

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

Defendant's arguments here relate to the plea cut off time frame, yet, when he testified at trial, he maintained he was innocent of the charges. In light of his testimony that he was innocent, defendant cannot show that he was prejudiced by the rejected plea offer. See State v. Taccetta, 200 N.J. 183, 195 (2009) (providing defendant could not have entered a plea because he should not have to commit perjury by giving a factual basis for a crime he claimed he did not commit).

We conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). The PCR petition was untimely filed and defendant showed no prejudice. Accordingly, the PCR court was correct to dismiss defendant's second PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0505-18T1