**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1399-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYHEED JEFFERSON,

    Defendant-Appellant.

_____

Submitted December 15, 2020 – Decided February 2, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 06-04-1204, 06-09-2896, 07-02-0450, 07-08-2889 and 07-12-3947.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tyheed Jefferson appeals from an October 17, 2019 order denying his petition for post-conviction relief (PCR). We affirm because the petition was time-barred under Rule 3:22-12(a)(1) and otherwise lacked merit.

In 2006 and 2007, defendant was charged under five indictments with multiple drug-related crimes and terroristic threats. In February 2008, defendant pled guilty to four crimes under four separate indictments. Specifically, he pled guilty to three counts of third-degree distribution of cocaine and heroin within 1,000 feet of school property, N.J.S.A. 2C:35-7, and third-degree terroristic threats, N.J.S.A. 2C:12-3(a). During his plea hearing, defendant was represented by two attorneys from different firms. Under the plea agreements, the State agreed to recommend an aggregate sentence of six years in prison with thirty-six months of parole ineligibility. The State also agreed to dismiss all other charges, including the charges in the fifth indictment.

On July 2, 2008, defendant was sentenced. On the drug convictions, he was sentenced to five years in prison with thirty-six months of parole ineligibility. On the terroristic threat conviction, he was sentenced to three years in prison. All sentences were run concurrent to each other. Defendant did not file a direct appeal. In 2011, defendant was resentenced to time served because he had kidney failure. He was then released from state prison.

A-1399-19T4

In February 2018, defendant filed a petition for PCR, alleging that the two lawyers who represented him when he pled guilty had pressured him into pleading guilty and had provided ineffective assistance of counsel. He contended that both lawyers had failed to explain that he was pleading guilty to four crimes and that he might face enhanced sentencing if he was convicted of new crimes in the future. He also asserted that the lawyer representing him on the terroristic threat charge failed to interview the alleged victim.

Judge Nancy Sivilli heard oral arguments concerning defendant's petition. On October 17, 2019, Judge Sivilli issued a written opinion and order denying the petition without an evidentiary hearing. Judge Sivilli found that defendant's petition had been filed almost ten years after he was sentenced, and he had failed to show either excusable neglect or that a fundamental injustice would result if the petition was not considered. See R. 3:22-12(a)(1)(A); State v. Goodwin, 173 N.J. 583, 594 (2002); State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

Judge Sivilli also addressed the merits of defendant's ineffective assistance claims, rejecting each of defendant's contentions. She found that defendant failed to establish the prongs required to show ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (establishing a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the

3

'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense"); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

In her thorough and well-reasoned opinion, Judge Sivilli found that the record rebutted defendant's claim that he had been pressured into pleading guilty. She pointed out that the judge taking his pleas had expressly asked defendant if he was making a voluntary plea. Defendant told the judge he was. Judge Sivilli also found that his argument about failing to interview a witness lacked merit because no certification was submitted and hearsay from an investigator offered ten years after the event had little probative value. Next, Judge Sivilli found that defendant had been informed by his counsel and the court that he was pleading guilty to four crimes and those crimes would be part of his criminal record. Finally, Judge Sivilli found that defendant was not entitled to an evidentiary hearing because he had failed to establish a prima facie case of ineffective assistance of counsel and failed to provide certifications or affidavits demonstrating prejudice. See State v. Porter, 216 N.J. 343, 353 (2013); R. 3:22-10(b).

A-1399-19T4

On this appeal, defendant argues that his petition should not be time barred and that he has viable claims of ineffective assistance by his plea counsel. He articulates those arguments as follows:

> POINT I – DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD NOT BE TIME BARRED BECAUSE DEFENDANT'S DELAY IN FILING WAS DUE TO EXCUSABLE NEGLECT AND THE INTERESTS OF JUSTICE REQUIRE HIS CLAIMS BE HEARD.
>
> POINT II – DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR COUNSEL'S FAILURE TO INTERVIEW AVAILABLE WITNESSES, AND FOR FAILURE TO EXPLAIN THE FUTURE RAMIFICATIONS OF PLEADING TO MULTIPLE INDICTMENTS PRIOR TO ACCEPTING A PLEA.
>
> (A) APPLICABLE LAW
>
> (B) DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FOR COUNSEL'S FAILURE TO INTERVIEW A WITNESS WHO HAD EXCULPATORY TESTIMONY ON DEFENDANT'S CHARGE OF TERRORISTIC THREATS.
>
> (C) DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FOR COUNSEL'S FAILURE TO INFORM HIS PLEA WOULD RESULT IN MULTIPLE CONVICTIONS AS OPPOSED TO ONE AND THE EFFECT THAT WOULD HAVE ON ANY SUBSEQUENT CONVICTION.

A-1399-19T4

Having conducted a de novo review, we reject these arguments. We affirm essentially for the reasons explained by Judge Sivilli in her comprehensive written opinion issued on October 17, 2019.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1399-19T4