**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0916-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEAN LEACH-LOUIS, a/k/a
ALEXIS B. ROBERT, ALEXIS
ALEXANDRE, ALEXIS R. JULES,
JEAN LEACH, LOUIS LEACH,
JEAN LOUIS, LOUIS L. JEAN,
LOUIS LEACH, JEAN LOUIS
LEACH, ALEXIS ROBERT,
and ALEXIS B. ROBERT,

     Defendant-Appellant.

_____

Submitted March 5, 2025 – Decided April 23, 2025

Before Judges DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 01-07-1867.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Jean Leach-Louis appeals from the September 26, 2023 Law Division order denying his petition for post-conviction relief (PCR) without a hearing.[1] We affirm because the petition was untimely filed.

I.

In July 2001, a grand jury indicted defendant, charging him with: (1) twenty-two counts of fourth-degree forgery, N.J.S.A. 2C:21-1(a)(3); (2) fourth-degree theft by deception, N.J.S.A. 2C:20-4(a); and (3) third-degree theft by deception, N.J.S.A. 2C:20-4(a).

On April 25, 2005, defendant entered a guilty plea to fourth-degree theft by deception and third-degree theft by deception in exchange for dismissal of the remaining counts of the indictment. At the plea hearing, the court addressed defendant's eligibility for deportation as a consequence of his guilty plea. Although defendant was a citizen of Haiti, counsel and the court were under the

---

[1] The indictment and judgment of conviction (JOC) refer to defendant as Leach-Louis Jean.

impression he was a citizen of Canada.  Defendant did nothing to correct the misimpression.  The court engaged in the following exchange with defendant:

> THE COURT:     Immigration is going to hold you?
>
> DEFENDANT:    I'm not sure if I have a detain date, sir.
>
>        . . . .
>
> THE COURT:     Do you understand you will be deported or may be deported as a result of this plea?
>
> DEFENDANT:     Yes, sir.
>
> THE COURT:     Did you have enough time to go over that matter with your attorney?
>
> DEFENDANT:     Yes, sir.
>
> THE COURT:     Are you satisfied with your attorney's representation of you?
>
> DEFENDANT:     Yes, sir.

In addition, when discussing restitution, the court and counsel had the following exchange:

> PROSECUTOR:     Restitution is agreed to in the amount of $28,378.95, Judge, and that is payable to Commerce Bank, Judge.  . . .
>
> PLEA COUNSEL:     Your Honor –
>
> THE COURT:     Is he going to have the ability to pay back that kind of restitution?

3

> PLEA COUNSEL: Well[,] he's subject to deportation, so I doubt very much whether they'll allow him to remain in this country for all the years that would be necessary to make the restitution, but I'm not certain.

The court also asked defendant, "[d]o you read and write English?" Defendant replied, "[y]es. Yes." At the conclusion of the hearing, the court found defendant understood the nature of the charges and the plea agreement.

On September 5, 2005, defendant appeared for sentencing. Defendant's immigration status was discussed at the sentencing hearing:

> DEFENSE COUNSEL: Well, Your Honor, again there are some issues as to immigration status.
>
> There was something on the presentence report as well about INS[2] but apparently what happened is he served some time and he was driven to the Canadian border.
>
> He never appeared before an immigration – he never had a hearing.
>
> So he was never really officially deported. So I think it's important for the [c]ourt to know that.
>
> His parents are U.S. citizens. He's making efforts to resolve his residency here.[3]

---

[2]  "INS" is the acronym for the Immigration and Naturalization Service, the predecessor to U.S. Immigration and Customs Enforcement, commonly known as ICE.

[3]  Defendant's presentence report states he was charged with illegal entry into the United States in 1999.

A-0916-23

The court sentenced defendant to time served and a five-year term of probation and ordered him to pay restitution to the bank he defrauded.

A September 12, 2005 JOC memorialized defendant's convictions and sentence. Defendant did not file an appeal from the JOC.

More than seventeen years later, on October 20, 2022, defendant filed a PCR petition in the Law Division alleging ineffective assistance of counsel. In a certification submitted under the name Robert Brice Alexis, defendant stated he met his counsel for the first time on the day he pleaded guilty and was not shown any of the evidence against him. He certified that the attorney told him if he pleaded guilty he would be released that day. Defendant certified that he agreed to plead guilty because he had been detained for a long time and wanted to be released from custody. In addition, defendant certified he asked his attorney if there would be any immigration consequences as a result of his guilty plea and his attorney assured him that he "did not need to worry about that." Defendant certified that English is his second language, but conceded he understood most of what was being said at the plea hearing.

Defendant certified that had he known his guilty plea would subject him to deportation, he would have elected to go to trial because his family resides in the United States and he has no ties to Haiti. In addition, defendant certified

that had he gone to trial he would have testified that an employee of the defrauded bank misled and manipulated him into participating in the fraud.

Defendant certified he did not file his PCR petition earlier because he left the United States in 2006 and returned to Haiti, as he claims was necessary to complete his United States visa application. However, defendant certified, he later discovered his conviction made him ineligible for a visa.

Defendant further certified he was subject to torture, kidnapping, and sexual assault in Haiti. He provided no details of those events, including the dates on which they occurred. Defendant also certified that he traveled through ten countries over dangerous terrain to arrive at a port of entry in McAllen, Texas, on July 2, 2022, to seek asylum. Department of Homeland Security (DHS) officers arrested defendant as he attempted to reenter the United States. Defendant did not state when he left Haiti or began his journey to the United States border. Defendant certified that at the time he executed the certification he was "in the process of being deported and . . . detained by the U.S. immigration authorities" and that his deportation was being held pending the outcome of his PCR petition.

According to defendant's certification, he was unable to file his PCR petition until he was detained by DHS. Defendant's certification provides no

A-0916-23

explanation for why he was unable to file his petition before he left the United States or during the next approximately sixteen years prior to his detention by immigration authorities at the United States border.

On September 26, 2023, immediately following argument, the PCR court issued an oral opinion denying defendant's request for an evidentiary hearing, as well as his petition for PCR. The court found that defendant was convicted in 2005 and, pursuant to Rule 3:22-12(a)(1)(A), had five years from the date of conviction to file his PCR petition. However, the court found, defendant did not file his PCR petition until seventeen years after entry of his JOC.

The court found defendant did not establish extraordinary circumstances warranting leave to file a late petition. The court found defendant "left to Haiti soon after the sentencing, or within a year of the sentencing. That is his doing. He did so in violation of probation and, if so, he comes before the [c]ourt with unclean hands." The court also found that, even if the late PCR petition were considered, defendant failed to make a prima facie showing of ineffective assistance of counsel warranting an evidentiary hearing. A September 26, 2023 order memorialized the trial court's decision.

This appeal followed. Defendant raises the following argument.

> THE PCR COURT ERRED IN DENYING THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY

7

HEARING IN HIS CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HIM AND FAILING TO INFORM HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEAS.

II.

We agree with the PCR court that defendant's PCR petition is time-barred. Rule 3:22-12 requires a first PCR petition to be filed within five years of entry of the JOC. As case law instructs, the five-year time bar for a first PCR petition is an important procedural requirement. The time bar should be relaxed only in the "exceptional" situations specified in the Rule. See e.g., State v. Mitchell, 126 N.J. 565, 576-77 (1992) (declaring time-barred a PCR petition filed six-and-one-half years after a defendant's conviction); State v. Jackson, 454 N.J. Super. 284, 295-97 (App. Div. 2018) (enforcing the time bar against a defendant whose petition was filed fourteen years after his conviction).

Rule 3:22-12(a)(1)(A) provides that a PCR petition may be considered if

> it alleges facts showing that the delay beyond [the five-year bar] was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . .

The factors considered by the court to determine if exceptional circumstances exist are the cause of the delay, the extent of the delay, the

8

prejudice to the State, and the importance of the defendant's claims.  State v. Afanador, 151 N.J. 41, 52 (1997).  A defendant must submit "sufficient competent evidence" to establish excusable neglect to relax the time bar.  State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).  A substantial delay in filing a PCR petition increases the already substantial burden to show excusable neglect and that a fundamental injustice will result if the petition is not heard.  See Afanador, 151 N.J. at 52 ("[T]he burden to justify filing a petition after the five-year period will increase with the extent of the delay").  A defendant's lack of sophistication in the law does not establish excusable neglect.  State v. Murray, 162 N.J. 240, 246 (2000).

We find ample support in the record for the PCR court's conclusion that defendant failed to establish extraordinary circumstances warranting relaxation of the five-year filing period.  Shortly after he was sentenced to a five-year term of probation, defendant absconded to Haiti in 2006.  He did not surface again until he was apprehended while attempting to enter the United States at its southern border sixteen years later in 2022.  Defendant, who the record establishes was repeatedly informed of the immigration consequences of his guilty plea, offers no evidence suggesting he was unable to file his PCR petition

prior to his departure to Haiti or during the more than a decade and a half after he absconded from probation and before he was captured at the border.

While defendant details an arduous journey across Central America to reach the United States border, he does not describe how long the journey endured, or make a convincing argument that we should consider the difficulties he faced as he attempted to return to the country after absconding from probation to be extraordinary circumstances requiring relaxation of our court rules to avoid a fundamental injustice. Defendant elected to remove himself from the country while serving a term of probation. The collateral consequences of that decision, such as an inability to file a PCR petition while in Haiti and during his trek back to the United States border, must be borne by defendant. Defendant caused the long delay in filing his petition, which, if defendant's guilty plea were to be vacated, would prejudice the State's ability to prosecute charges lodged against him more than twenty years ago.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10