**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2319-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KASHIF PARVAIZ,

    Defendant-Appellant.

_____

        Submitted September 10, 2025 – Decided September 17, 2025

        Before Judges Rose and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 12-06-0665.

        Bailey & Toraya, LLP, attorneys for appellant (Adam W. Toraya, on the brief).

        Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Legal Assistant, on the brief).

PER CURIAM

Defendant Kashif Parvaiz appeals from a February 27, 2024 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely and otherwise lacked merit.

I.

The facts underlying defendant's convictions are straightforward and discussed at length in our prior unpublished opinion affirming his convictions and sentence. State v. Parvaiz, No. A-5029-14 (App. Div. June 18, 2018) (slip op. at 4-7). The Supreme Court denied certification. 236 N.J. 367 (2019). In 2015, defendant was convicted of murder, conspiracy, weapons offenses, child endangerment, and hindering apprehension for his part in the shooting death of his wife, Nazish Noorani. Parvaiz, slip op. at 1-2. While defendant and Noorani were outside walking with their youngest son, defendant's long-term girlfriend, co-defendant Antoinette Stephen, shot Noorani and wounded defendant to make the assault appear as if it were a robbery. Id. at 5. The State argued defendant and Stephen concocted the "elaborate scheme" months before the shooting. Ibid.

Pertinent to this appeal, the State moved pretrial to admit defendant's statements to police while hospitalized after the shooting. Id. at 6. Defendant argued his statements were inadmissible because he was administered sedatives

and therefore did not knowingly and voluntarily waive his Miranda[1] rights. Id. at 11. At the motion hearing, Captain Jeffrey Paul of the Morris County Prosecutor's Office testified defendant admitted he had a long-term affair and planned his wife's murder with a friend. Id. at 6. Paul stated defendant was "[c]alm, cordial, cooperative" and appeared to understand what was happening throughout the interview.

Following the N.J.R.E. 104(c) hearing, the trial judge granted the State's application. Id. at 7-8. After trial, defendant was sentenced to life imprisonment, with sixty-three years and nine months of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the murder conviction. Id. at 2.

Defendant thereafter filed a timely pro se PCR petition without specifying grounds for relief. During oral argument, PCR counsel claimed trial counsel rendered ineffective assistance for failure to present expert testimony at the N.J.R.E. 104(c) hearing regarding the effects of the sedatives. On August 25, 2020, the PCR judge, who did not preside over defendant's trial, denied defendant's petition. We affirmed, State v. Parvaiz, No. A-4591-19 (July 2, 2021), and the Court denied certification, 248 N.J. 582 (2021).

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

On May 12, 2023, with the assistance of retained counsel, defendant filed his second petition for PCR alleging ineffective assistance of PCR counsel. Defendant asserted PCR counsel failed to assert trial counsel should have introduced evidence demonstrating Paul lied about his prior medical experience at the N.J.R.E. 104(c) hearing. Defendant submitted "printouts from a New Jersey Department of Health website" purportedly showing Paul received his EMT certification after the hearing notwithstanding his testimony that he "was an emergency medical provider for many, many years." Defendant also alleged PCR counsel failed to request an evidentiary hearing on his claims.

Asserting his second petition was timely, defendant further argued he filed his petition within one year "after the date on which a constitutional right asserted was initially recognized by the United States Supreme Court" in Shinn v. Ramirez, 596 U.S. 366, 371 (2022) (holding a state prisoner is not entitled to an evidentiary hearing on a federal writ of habeas corpus when the "prisoner's state [PCR] counsel negligently failed to develop the state-court record"). Defendant claimed Shinn supported his claim for an evidentiary hearing, otherwise he would be deprived "of this relief in federal court during a habeas petition." Defendant also claimed his petition "was filed within one year of the date on which the factual predicate for the relief sought was discovered" because he only recently discovered the evidence regarding Paul's EMT certification.

Following argument on defendant's second petition, Judge Stephen J. Taylor, who neither presided over defendant's trial nor decided his first PCR petition, reserved decision. On February 27, 2024, Judge Taylor issued an order and accompanying written decision, ultimately dismissing defendant's petition as untimely.

Judge Taylor squarely addressed the issues raised in view of the governing legal principles. The judge found defendant's second petition was filed nearly three years after the August 25, 2020 order denying his first petition and, as such, was untimely under Rule 3:22-12(a)(2).

Further, the judge rejected defendant's claim his petition was based upon a newly recognized constitutional right and newly discovered evidence. The judge found "[t]he Shinn decision did not create a new rule of law applicable to New Jersey PCR procedures" or alter an existing procedural law. Even if Shinn could be interpreted as creating a new rule of law, the judge noted "defendant ha[d] presented no case law to demonstrate the new rule was made retroactive" to his case. The judge therefore found the exception to the time restrictions for filing a second PCR petition under Rule 3:22-12(a)(2)(A) inapplicable here.

The judge also concluded defendant's reliance on the exception in Rule 3:22-12(a)(2)(B) lacked merit. The judge found evidence of Paul's EMT certification, or lack thereof, was "readily available on the Department of Health

website." The judge found no evidence to suggest defendant could not have accessed this information earlier through reasonable diligence.

Notwithstanding the procedural bar, the judge considered the merits of defendant's argument. The judge concluded the evidence did not demonstrate Paul lied about his medical experience, noting Paul "did not testify that he was a certified EMT at any point in his testimony." Viewing the evidence in the light most favorable to defendant, the judge determined the evidence was, at most, "merely impeaching or contradictory" and would not have changed the outcome of the N.J.R.E. 104(c) hearing or defendant's trial. Because defendant did not establish a prima facie case of ineffectiveness of PCR counsel, the judge concluded defendant was not entitled to an evidentiary hearing. This appeal followed.

In his counseled merits brief,[2] defendant reprises the following arguments for our consideration:

POINT I

THE [PCR] COURT ERRED IN DENYING . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE

---

[2] Defendant also filed a "pro[]se supplemental appellate brief to State's opposition in second PCR petition appeal." Defendant raises no new arguments in this reply submission.

FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PRIOR PCR COUNSEL

    A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS, AND PETITIONS FOR [PCR]

    B. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL WHEN HIS ATTORNEY FAILED TO INVESTIGATE AND PRESENT EVIDENCE OF CAPTAIN PAUL'S LACK OF MEDICAL EXPERIENCE

POINT II

THE COURT MISAPPLIED ITS DISCRETION IN APPLYING R[ULE] 3:22-12, AS A PROCEDURAL BAR AGAINST . . . DEFENDANT'S FILING FOR [PCR].

II.

Rule 3:22-4(b) places strict limitations on second and subsequent petitions for PCR. The Rule compels dismissal of a subsequent PCR petition unless the defendant can satisfy the time requirement under Rule 3:22-12(a)(2), and alleges the following grounds for relief:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise

of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

[R. 3:22-4(b).]

In turn, Rule 3:22-12(a)(2) imposes a time limitation for subsequent PCR petitions. Under the Rule, a second or subsequent petition for PCR must be filed within one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

[R. 3:22-12(a)(2).]

A 2009 amendment to the Rule makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable.  See R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018); see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).  Notably, we have held the PCR court "has an independent, non-delegable duty to question the timeliness of [a first PCR] petition."  State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).  We further held, "[a]bsent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim."  Ibid.

We discern no reason why that duty would not apply to the PCR court's consideration of a second or subsequent PCR petition, especially because the time bar is non-relaxable.  Indeed, the governing principles make plain defendant's second PCR petition was procedurally barred as his petition was filed well beyond the one-year time requirement embodied in Rule 3:22-12(a)(2).  We therefore conclude Judge Taylor properly dismissed defendant's petition.

Defendant raises no arguments on the merits of his appeal that warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons articulated by Judge Taylor in his well-reasoned decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

9

A-2319-23