**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2159-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ERNEST LAWRENCE,
a/k/a ERNEST MICHAEL
LAWRENCE, and ERNEST
M. LAWRENCE,

      Defendant-Appellant.

_____

Submitted March 11, 2026 – Decided April 15, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 08-10-3241.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ernest Lawrence appeals from a July 28, 2023 order denying his second petition for post-conviction relief ("PCR"). We affirm but remand to the trial court solely to correct the judgment of conviction regarding jail credits in accordance with our prior opinion. State v. Lawrence, No. A-4252-10 (App. Div. Aug. 12, 2013) (slip op. at 31).

I.

In January 2008, defendant murdered Jennifer Lane. Following the incident, defendant was located suffering from self-inflicted stab wounds. He was hospitalized and received treatment for those injuries. Shortly after his release, defendant fled New Jersey. He was arrested in Florida as he attempted to board a flight to Jamaica.

Defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), two weapons offenses, N.J.S.A. 2C:39-4(d) and N.J.S.A. 39:5-(d), and hindering apprehension, N.J.S.A. 2C:29-3(b)(4). In September 2010, a jury convicted him on all counts. After merging the weapons offenses into the murder conviction, the trial judge sentenced defendant to forty-five years imprisonment for the murder under the No Early Release Act, N.J.S.A. 2C:43-

2

7.2, and eighteen months for the hindering charge. Both sentences were ordered to be served concurrently.

We affirmed defendant's conviction and sentence. Lawrence, slip op. at 2, 31. In March 2015, defendant sought PCR as a self-represented litigant. The PCR court denied that application without an evidentiary hearing on March 31, 2015. We affirmed the denial in September 2016. State v. Lawrence, No. A-3917-14 (App. Div. Sept. 22, 2016).

Four years later, in February 2020, defendant filed a second PCR petition alleging ineffective assistance of his first PCR counsel. In a comprehensive, eighteen-page written opinion, the second PCR court addressed both the temporal and substantive components of defendant's application and ultimately determined the petition was not only time-barred, but it also lacked substantive merit. Defendant appealed.

Mirroring the arguments he made before the second PCR court, defendant raises these issues for our consideration:

> Point I.    [Defendant] is entitled to an evidentiary hearing on his claims that his first PCR attorney rendered ineffective assistance of counsel by failing to raise the claims that trial counsel was ineffective pretrial by advising him to [forego] a [twenty-five] year plea offer and proceed to trial, after which he received a [forty-five] year sentence, by allowing the jury to have unfettered access to his recorded

3

statements inside the jury room during deliberations, and by failing to call his hospital nurse as a witness who would have testified that he was on mind-altering medications when he was interrogated by police.

Point II.    In the alternative, this case must be remanded for new PCR counsel and a new PCR hearing because PCR counsel failed to represent [defendant] rendering his PCR petition meaningless.

Point III.    Pursuant to this court's ruling, this matter must be remanded for jail credits.

II.

Our court rules and case law both state a valid, second PCR petition must be based on one of three specific grounds and must be filed within one year of when those grounds arose. See R. 3:22-4(b); R. 3:22-12(a)(2); State v. Jackson, 454 N.J. Super. 284, 292-93 (App. Div. 2018). In that regard, Rule 3:22-12(a)(2) mandates that a second or subsequent PCR petition must be filed within one year of: (1) a new constitutional change that would apply to defendant's convictions; (2) newly discovered facts; or (3) the denial of the first PCR petition, if defendant claims that his or her first PCR counsel was ineffective. Rule 3:22-12(a)(2) then mandates that "no second or subsequent petition shall be filed more than one year after the latest of" those three limited circumstances. Subsection (b) substantially limits relaxation of that prohibition. R. 3:22-12(b).

A-2159-23

We have held that the time-limit set out in Rule 3:22-12(a)(2) must be strictly enforced. Jackson, 454 N.J. Super. at 292; see also State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018) (holding that the time limit applicable to a first petition must also be strictly enforced and cannot be relaxed without a showing of excusable neglect). Defendant's first PCR petition was denied on March 31, 2015. Accordingly, his second petition, filed four years later in February 2020, was time-barred.

To the extent we have not considered defendant's remaining contentions concerning the evidence suppression, defendant's mental health, and plea issue they are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), or were already considered in prior appeals and therefore barred from consideration under Rule 3:22-5.

Finally, defendant argues that the order included in our August 12, 2013 opinion—directing that his judgment of conviction be amended to reflect jail credit for the time he was incarcerated in Florida in connection with this matter—has not been effectuated. The record before us does not include an amended judgment of conviction reflecting this modification. Accordingly, we remand to the trial court to determine whether the judgment of conviction was

amended following our prior opinion to grant him all eligible credit following his temporary incarceration in Florida resulting from this case.

Affirmed. We remand to the trial court solely to correct the judgment of conviction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2159-23